[PHILADELPHIA, FEBRUARY, 1833.]

## BROWN alias POTTER *against* The COMMONWEALTH.*

HABEAS CORPUS.

Where a person has been sentenced to imprisonment, for a term to commence immediately after the expiration of a preceding sentence, and the first sentence is reversed upon error, the term of the second begins to run from the time of the reversal of the first.

THE prisoner was convicted of larceny in the Quarter Sessions of *Bucks* county, and sentenced to five years imprisonment, in the Eastern Penitentiary on the thirteenth of *December*, 1831. On the same day he was convicted of a breach of prison, and sentenced to one year's imprisonment, " to commence and take effect immediately after the expiration of the sentence passed on him for the larceny of the goods of *Hiram Jones*." The first sentence having been reversed on error, the prisoner was brought up on *habeas corpus;* and now *Grimshaw* moved to discharge him, because the second sentence had expired by its own limitation, the preceding one having been a nullity; contending also, that the second sentence was void, for want of a certain period of beginning: and for these positions, he cited, *Respublica* v. *De Longchamps*, 1 *Dall.* 116. *Russell* v. *The Com-monwealth*, 7 *Serg. & Rawle*, 489. *The King* v. *Wilkes*, 4 *Burr.* 2575. *Chitty's Cr. L.* 586.

PER CURIAM.—The preceding sentence, though erroneous, was not void. On the contrary, it was in full force, till it was reversed, and

* This case was decided in *February* 1833, but was accidentally omitted in its proper place.—REPORTER.

(Brown alias Potter *v.* Commonwealth.)

would protect the officer from an action of trespass for false imprisonment. Having been thus in force, it expired, for all legal purposes, at the time of its reversal, and the period of the subsequent one which was dependent on it, began to run. The confinement which the prisoner has undergone, therefore, is referrible to the prior sentence, and not to the succeeding one, which taking effect from the termination of the former, is yet in force.

Prisoner remanded.