## *In re* ESMOND.

(*District Court, D. South Dakota.* June, 1890.)

1. CRIMINAL LAW—TERRITORIAL COURTS—CUMULATIVE SENTENCES.
    Rev. St. Idaho, § 7237, providing that cumulative sentences may be imposed on a person convicted of two or more crimes, applies to offenses against the United States tried in the territorial courts.
2. SAME.
    Cumulative sentences are valid, if they are definite and certain.

Petition for Writ of *Habeas Corpus.*
*Winsor & Kittredge,* for petitioner.
*Wm. B. Sterling,* for the United States.

FOSTER, J. This is an application made by Henry Esmond, a pris, oner tried and sentenced in the district court of the territory of Idaho exercising United States jurisdiction for certain purposes, on four cons victions for offenses connected with the robbery of the United State mail. The prisoner was sentenced to four consecutive terms of imprisonment, of three years each; the judgment of the court providing in each of the sentences after the first that the additional term of three years was "to commence at the expiration of the term of three years to be served by said defendant this day adjudged against him in the case of the United States, criminal number three, against Henry Esmond, or whenever his term of imprisonment after the judgment in said case shall cease and be ended for any reason, except by the death of the said defendant." There being no United States prison in the territory of Idaho, the said Esmond was confined by order of the attorney general in the United States penitentiary at Sioux Falls, in the territory of Dakota. The sentence was rendered on the 30th day of September, 1886, and the first term expired, after giving credits for good behavior, on the 30th day of May, 1889. The question presented for our decision is whether the said consecutive sentences are legal and valid. It is claimed by the petitioner that the said sentence beyond the first imprisonment is illegal and void because it is indefinite and uncertain, and the court had no power to impose a cumulative sentence. The statute of Idaho contained the following provision:

"When any person is convicted of two or more crimes, before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be." Rev. St. Idaho, § 7237.

It is contended for the petitioner that this provision does not apply to offenses against the laws of the United States tried in the territorial courts. Touching this question, there are two cases decided by the supreme court to which we will refer. *Reynolds* v. *U. S.*, 98 U. S. 145, was a prosecution in the territorial courts of Utah for bigamy under the

act of congress. The laws of Utah made a grand jury to consist of 15 persons, and the indictment was found by such a grand jury; whereas, the laws of the United States makes the minimum number of grand jurors 16. The supreme court held that the territorial court was not a United States court, and that the statute of the territory governed its proceedings. The court says:

"They are courts of the territories invested for some purposes with the powers of the courts of the United States. * * * This leaves the territorial courts free to act in obedience to the requirements of the territorial laws in force for the time being."

The territorial legislature of Montana had abolished all distinctions between proceedings at law and in equity in its courts. The only error assigned in the following case was the intermingling of legal and equitable remedies in one form of action. The court say:

"Such an objection would be available in the circuit and district courts of the United States. * * * Whether the territorial courts are subject to the same regulations is the question which is now fairly presented."

After discussing the question at some length, the conclusion is expressed in these words:

"From a review of the entire past legislation of congress on the subject under consideration, our conclusion is that the practice, pleadings, and forms and modes of proceedings of the territorial courts, as well as their respective jurisdiction, subject, as before said, to a few express or implied conditions in the organic act itself, were intended to be left to the legislative action of the territorial assembly, and to the regulations which might be adopted by the courts themselves." *Hornbuckle* v. *Toombs*, 18 Wall. 648.

Now, if there is nothing in the organic act of the territory of Idaho impliedly or expressly prohibiting that territory from passing an act concerning cumulative sentences, (and it is not claimed there is,) it may well be held that such legislation is obligatory upon the territorial courts when sitting to hear cases arising under the laws of the United States.

Passing to the general question whether cumulative sentences, in the absence of any statute, are valid, I find quite a conflict of authorities. In *Bloom's Case*, 53 Mich. 597, 19 N. W. Rep. 200, Judge COOLEY discharged the prisoner where there were cumulative sentences. The petitioner had been convicted on two charges of larceny, and sentenced to imprisonment for three months on each, the first commencing January 25th, the second to commence "from and after April 24, 1888, unless," etc. Then follow several contingencies. In this case the judge said:

"The question presented is not without difficulty. * * * But, expressing no opinion upon the general question, we think a sentence to confinement, to take effect in the future, cannot be sustained unless it is certain and definite, and not subject to undefined and uncertain contingencies. The commitment in this case is not of that character."

The same rule was followed and exemplified in *Lamphere's Case*, (Mich.) 27 N. W. Rep. 882. In this case the court follow the *Bloom Case*, but concede that under the common law, in cases of misdemeanor, consecutive sentences were allowed, but deny that the rule applied in cases of

felony. Again, in *Allen's Case*, 11 Ind. 389, the prisoner was discharged where held under cumulative sentences. The court say:

"There being no statute in force providing that one term of imprisonment shall commence at the expiration of another, we are of the opinion that both terms commence and run concurrently. We have been furnished with no authorities upon the question involved."

In support of the legality of cumulative sentences are the following authorities: *Kite* v. *Com.*, 11 Metc. 581. We quote from the opinion:

"The court are all of opinion that it is no error in a judgment in a criminal case to make one term of imprisonment commence when another terminates. It is as certain as the nature of the case will admit, and there is no other mode in which a party may be sentenced on several convictions."

In *U. S.* v. *Patterson*, 29 Fed. Rep. 775, the petitioner, Baldwin, was convicted on three indictments, and sentenced to five years upon each indictment. The judgment did not state on which indictment the imprisonment began, and provided further: "Said terms not to run concurrently." Held, that the sentence was too uncertain, and was therefore illegal and void. In this case Justice BRADLEY says:

"Perhaps these terms might have been lawfully made to take effect successively if the order of their succession had been specified, although there is no United States statute authorizing it to be done; but this was not done. * * * As neither of them was made to take effect after the one or the others, they all took effect alike."

*People* v. *Forbes*, 22 Cal. 136, holds that consecutive sentences are valid; also do *State* v. *Smith*, 5 Day, 175; *Brown* v. *Com.*, 4 Rawle, 259; *In re Jackson*, 3 MacArthur, 24; *Johnson* v. *People*, 83 Ill. 434; *Ex parte Kirby*, (Cal.) 18 Pac. Rep. 655. Bishop, in his work on Criminal Law, states the proposition as well settled that cumulative sentences are legal. Section 953. It would seem that the great weight of authority is in favor of the legality of consecutive sentences. Indeed, there seems to be quite a uniformity of decisions in favor of such judgments, with the exception of the two Michigan and Indiana cases before referred to. We are therefore constrained to hold that the sentence in this case is legal, and the prisoner must be remanded to the warden of the penitentiary.