## Commonwealth ex rel. Pyeatte *v.* Burke, Warden.

PER CURIAM, December 15, 1945:

Petition for a writ of habeas corpus. Relator entered a general plea of guilty in the Court of Oyer and Terminer and Quarter Sessions of the Peace of Berks County to Bill No. 202 December Sessions, 1932, con-

taining three counts [1] charging (1) Breaking and entering a railroad freight car and (2) Larceny, and was sentenced generally thereon to the Eastern State Penitentiary for a period of not less than five nor more than ten years. After having served the minimum of that sentence—five years—he was released on "parole". Thereafter, he pleaded guilty in the Court of Oyer and Terminer of Philadelphia County to three bills. Nos. 827, 828 and 829 May Sessions, 1938, each of which charged Sodomy, and was sentenced on May 23, 1938, on Bill No. 827, to the Eastern State Penitentiary for a period of not less than five nor more than ten years to commence at the expiration of that part of the sentence imposed in Berks County on Bill No. 202, December Sessions 1932, uncompleted at the time of his release on "parole."

The penitentiary authorities accordingly required him to serve five years from the date of commitment in Philadelphia County—May 16, 1938—before commencing service on the sentence imposed in Philadelphia County on Bill No. 827 May Sessions, 1938, as a result of which he will not have completed the minimum of the latter sentence until May 15, 1948, and the maximum until May 15, 1953. This action would be very proper if the relator were actually on *parole* at the time of the commission of the offenses for which he was sentenced in Philadelphia County. Act of June 19, 1911, P. L. 1055, Sec. 10, as amended 61 P.S. Sec. 305. *Com. ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 273, 30 A. 2d 347.

While the Berks County Court may have sentenced the relator on counts (1) and (3) charging breaking and entering a railroad freight car to a maximum term of four years on each count (Act of May 23, 1887, P. L.

---

[1] Counts (1) and (2) charged breaking and entering a freight car and larceny therefrom as having been committed on November 17, 1932. Count (3) charged breaking and entering a freight car on November 22, 1932.

177, Sec. 1, 18 P.S. Sec. 3043),[2] and on the second count charging larceny, to a maximum term of three years (Act of March 31, 1860, P. L. 382, Sec. 103, 18 P.S. Sec. 2771)[3] and directed that the sentences be cumulative it did not do so. It lumped the sentence on all counts—as the District Attorney of Berks County implicity avers in his answer to the relator's petition—into one with a maximum of ten years and a minimum of five years. This was illegal. *Halderman's Petition,* 276 Pa. 1, 4, 119 A. 735. The sentence is not void but voidable: *Halderman's Case,* 53 Pa. Superior Ct. 554. If the court had sentenced the prisoner on each count, but had not directed the sentences to be cumulative, they would have run concurrently: *Halderman's Petition,* supra, p. 4; and after the term, the court could not alter the sentence by directing that the imprisonment be cumulative: Id. p. 4. It follows that the maximum sentence that could now be imposed on the relator in event of resentence would be four years, and as that has expired—in fact the relator served five years on the sentence imposed in Berks County—we are of opinion that we are not obliged to remand for resentence but may make the necessary change as authorized in *Halderman's Petition,* supra, and *Com. ex rel. Miller v. Ashe,* 114 Pa. Superior Ct. 332, 174 A. 295. The sentence in Berks County on Bill No. 202 December Sessions, 1932, will accordingly be amended as of the date of its imposition by changing the maximum term from ten to four years.

The relator, therefore, was not on *parole* when sentence was imposed in Philadelphia County on Bill No. 827 May Sessions, 1938. His sentence on that bill began to run immediately.

---

[2] Repealed by the Penal Code of 1939, P. L. 872, Sec. 1201, 18 P.S. Sec. 5201, and replaced by the Penal Code, supra, Sec. 903, 18 P.S. 4903.

[3] Repealed by the Penal Code of 1939, supra, and replaced by the Penal Code, supra, Sec. 807, 18 P.S. Sec. 4807.

As the relator's maximum sentence under which he is presently confined and which is the real sentence (*Com. ex rel. Carmelo v. Smith,* 347 Pa. 495, 32 A. 2d 913) will not expire until May 15, 1948, he will not be illegally detained until after that date. Ordinarily under such circumstances the petition would be premature, but since he has served more than the minimum sentence, and may apply for a parole, we have considered and disposed of the issues raised by the pleadings. See *Com. ex rel. Wendell v. Smith,* 123 Pa. Superior Ct. 113, 186 A. 810.

It is ordered that the records of the Eastern State Penitentiary be corrected to indicate that the relator's sentence on Bill No. 827 May Sessions, 1938, Philadelphia County, commenced on May 16, 1938.

Except as ordered, the petition is dismissed.