### UNITED STATES ex rel. DORSCH v. HUNTER, Warden of Leavenworth Penitentiary.

Civ. No. 10187.

United States District Court,
W. D. Pennsylvania.

Dec. 27, 1951.

### UNITED STATES ex rel. HOLLY v. CLAUDY, Warden.

No. 151.

United States District Court
W. D. Pennsylvania.

Jan. 3, 1952.

752

GOURLEY, Chief Judge.

In this habeas corpus proceeding the petitioner is confined in a state penitentiary on a sentence imposed by a state tribunal within the jurisdiction of this Court.

Two matters are presented, each of which will be considered separately:

1. Is there a denial of rights given under the Constitution of the United States where a sentence is imposed in the criminal courts of Pennsylvania at a term of court subsequent to the term of conviction?

It has been decided by the Supreme Court of Pennsylvania that such action on the part of the criminal courts of Pennsylvania does not render the judgment imposed null and void. Commonwealth ex rel. Holly v. Ashe ('Commonwealth, Appellant), 368 Pa. 211, 82 A.2d 244.

I fail to see how the courts of the United States can interfere with the decision of the highest appellate tribunal in the Commonwealth of Pennsylvania in a matter of this nature.

2. Is there a denial of rights given under the Constitution of the United States where the criminal courts in the Commonwealth of Pennsylvania have determined that sufficient evidence was presented to support the conviction of a person accused of crime in Pennsylvania?

Matters of this nature were previously considered by the court in a habeas corpus proceeding filed by the petitioner in this court. United States ex rel. Holly v. Commonwealth of Pennsylvania, D.C., 81 F. Supp. 861, affirmed 3 Cir., 174 F.2d 480.

Habeas corpus does not lie to correct mere errors of law in a trial, or to try such questions as sufficiency of the evidence to sustain a conviction. Meyers v. Welch, 4 Cir., 179 F.2d 707.

Federal courts will intervene only when the fundamental rights of the prisoner have been denied and have taken from him arbitrarily and a trial in accordance with the established law of the state in a court of competent jurisdiction has not been afforded. To establish a different doctrine would impair the power of the states to prevent and punish crime. O'Dell v. Hudspeth, 10 Cir., 189 F.2d 300.

It is my considered judgment that the petitioner has not been denied any rights given to him by the Constitution of the United States of America.

In view of the foregoing, no useful purpose could be gained in affording the petitioner an additional opportunity to be heard and the petition is refused.

An appropriate Order is entered.