Commonwealth ex rel. Pyeatte, Appellant, *v.*
Burke.

Argued October 2, 1951. Before RHODES, P. J.,
HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER,
JJ.

*John S. J. Brooks,* for appellant.

*Robert M. Mountenay,* Assistant Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, and *J. Stroud Weber,* District Attorney, for appellee.

OPINION BY ARNOLD, J., January 17, 1952:

The court below dismissed relator's petition for a writ of habeas corpus, and relator appealed.

In Berks County the relator was convicted of breaking and entering a freight car and larceny, and the court entered a lumping sentence of five to ten years. He was released on parole after having served the minimum term of five years, whereupon there remained unserved five years of the maximum sentence.

Before the expiration of the maximum sentence, and in 1938, he was convicted of sodomy in Philadelphia County, and sentenced to the Eastern State Penitentiary for a period of five to ten years, to commence at the expiration of the remaining time under the Berks County sentence. Thereafter the relator became aware of the fact that the Berks County sentence was excessive, in that the sentence should have been for a maximum of four years. He filed an original petition for habeas corpus in this Court, whereupon we amended the Berks County sentence by changing the maximum term from ten to four years.[1] Thus he was not on parole when sentenced in Philadelphia County on the sodomy conviction; and it was directed that the records of the

---

[1] *Commonwealth ex rel. Pyeatte v. Burke, Warden,* 158 Pa. Superior Ct. 336, 44 A. 2d 856.

Eastern State Penitentiary be corrected to indicate that the relator's sentence in Philadelphia County commenced on May 16, 1938, instead of at the expiration of the ten year maximum imposed in Berks County. No court had the power to alter the sentence on the sodomy conviction after the term, except for illegality of that sentence.

The relator's minimum term on the sodomy charge having expired May 16, 1943, he was paroled two years and two months prior to the expiration of the maximum term.

While on parole and prior to the expiration of this maximum sentence, he was again convicted in Philadelphia County of assault and battery with intent to commit sodomy, and was sentenced to a term of two and one-half to five years, to commence at the expiration of the uncompleted time on the sentence for the crime of sodomy. Accordingly his most recent sentence would begin to run February 3, 1950, two years and two months time remaining on the previous sentence; and the minimum of the new sentence would therefore expire on August 3, 1952, and the maximum on February 3, 1955. As we previously stated, his sentence could not be changed except for illegality, and there is none here.

The contention now is that either the court below or this Court should "give him credit" for the extra year that he had served under the Berks County conviction. That he did serve such extra year is beyond question.

On his prior writ of habeas corpus (*Commonwealth ex rel. Pyeatte v. Burke, Warden,* 158 Pa. Superior Ct. 336, 44 A. 2d 856) we did everything for this relator that could be done. He had served the extra year on the Berks County conviction and we did the only thing possible, to wit, hold that he was not on parole in the

burglary case when he committed the offense of sodomy in Philadelphia County. The relator took no appeal from the conviction of assault and battery with intent to commit sodomy, on which he was sentenced in Philadelphia County; and we have no power to interfere with that sentence, because it was palpably within the limits of The Penal Code.

The whole difficulty with this case is that the relator presses his case before the courts, which have no power to interfere. Such application ought to have been made to the Pardon Board, the only tribunal which has authority to give the relator the one year credit on his sentence to which he is entitled.

The judgment of the court below is affirmed.