## Commonwealth ex rel. Holly, Appellant, *v.* Claudy.

Argued April 15, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*John J. Holly,* appellant, in propria persona, submitted a brief.

*John I. Munson,* Assistant District Attorney, with him *Fred L. Brothers,* District Attorney, for appellee.

PER CURIAM, July 17, 1952:

The order will be affirmed on the following excerpts from the opinion of the learned President Judge of the court below:

"The petition for writ of habeas corpus filed in this court at the above stated number came to the Prothonotary from Holly by mail. It refers to his convictions and sentences in the cases at No. 21/152 September Term and at No. 25/156 September Term, 1946, in our Court of Oyer and Terminer. Holly has failed to secure a favorable final ruling as to these cases on either of two habeas corpus petitions heretofore filed by him, the one in the United States District Court at Pittsburgh, and the other in our State courts, the latter having reached the Supreme Court and been decided by it. See Commonwealth ex rel. Holly v. Ashe, 368 Pa. 211, [82 A. 2d 244]. . . .

"It does not seem reasonable that a defendant in the Penitentiary under sentence can assert additional reasons for a third writ, reasons which, if they are true, existed when the former petitions were presented and acted upon. However, an examination of the petition

filed and the court records therein does not, in our opinion, show cause for issuance of the writ. Most of the averments in the petition are to the effect that the two convictions mentioned therein are not supported by the evidence. 'Habeas corpus cannot properly be made a substitute for an appeal': Commonwealth ex rel. Greevy v. Reifsteck, 271 Pa. 441, [115 A. 130]. The only recitals that seem to give semblance of foundation for the issuance of the writ pertain to the petitioner's alleged absence in jail when the verdict was returned in the case at No. 25/156 . . . Not conceding this to be a fact, and understanding it not to be, but for the present assuming such to be true [no answer was filed to the petition], it does not follow, when considered in connection with the undisputed facts, that the writ should issue, or even that a rule should be granted to show cause why the writ should not issue. The petition recites a conviction . . . at No. 21/152 . . ., but the petitioner does not aver that he was not in court when this verdict was returned. In addition the file papers show that this verdict was returned in open court December 12, 1946, at 3:35 P.M. The trial of the second case at No. 25/156 was in progress at this time in the same court with the defendant, the petitioner herein, and his attorney both present when this verdict at No. 21/152 . . . was returned. The docket entries and the sentences filed and signed by the trial judge show that Holly was first sentenced in the case at No. 25/156 . . . to imprisonment in the Western Penitentiary for an indeterminate period of not less than 2½ years and not more than 5 years, to be computed from July 25, 1946. The sentence at No. 21/152 . . . was subsequently imposed the same day for an indeterminate term to the Western Penitentiary of not less than 2½ years and not more than 5 years, *the same to commence and be computed from the expiration of the sentence imposed at No. 25/156 . . .*

"It is to be kept in mind that the sentence first mentioned is in the case where the petitioner now avers he was not· in court when the verdict was returned. This sentence has already expired. The sentence now being served is that in the case at No. 21/152 . . . In answer to any suggestion that the first sentence should be considered as vacated and credit for the serving thereof allowed, reference is made to the case of Brown v. Commonwealth, 4 Rawle 259, in which it was held: 'Where a person has been sentenced to imprisonment for a term to commence immediately after the expiration of a preceding sentence, and the first sentence is reversed upon error, the term of the second begins to run from the time of the reversal of the first.' The confinement which the defendant has undergone is referable to the prior sentence. [There is no merit to petitioner's contention "that the sentences should have been imposed in the order as the trials were had."] Of the same tenor is the ruling of the Supreme Court of Massachusetts in Kite v. Commonwealth, 11 Metcalf's Reports, 581, 585. . . .

"It is our opinion that the petition for a writ of habeas corpus should be dismissed."

Order affirmed and petition to remand the record for further hearing dismissed.