**UNITED STATES ex rel. HOLLY**
**v. KEENAN.**

Civ. A. No. 10853.

United States District Court
W. D. Pennsylvania.

Sept. 29, 1952.

Valera Grapp, Pittsburgh, Pa., for petitioner.

GOURLEY, Chief Judge.

This proceeding is the third of a series of habeas corpus actions which have been presented to this court with the confinement of petitioner being based on judgments entered by one of the State tribunals within the jurisdiction of this court.

In each of the former habeas corpus proceedings the Court thoroughly and exhaustively considered the many contentions made by the petitioner. United States ex rel. Holly v. Commonwealth of Pennsylvania, D.C., 81 F.Supp. 861, affirmed 174 F.2d 480; United States ex rel. Holly v. Claudy, Warden, D.C., 101 F.Supp. 751, affirmed by the United States Court of Appeals for the Third Circuit, 196 F.2d 1017.

Furthermore, petitioner has been before the State courts on numerous occasions and the question which he raises in the instant proceeding has been partially, but not completely or finally considered by the appellate courts in this state. Commonwealth ex rel. Holly v. Ashe, Warden, 166 Pa.Super. 599, 74 A.2d 182, reversed 368 Pa. 211, 82 A.2d 244; Commonwealth ex rel. Holly v. Claudy, 171 Pa.Super. 340, 90 A.2d 253.

▮ The Court will take judicial knowledge of all records of the Commonwealth of Pennsylvania as they relate to the matter for adjudication.

Petitioner was first sentenced at No. 25/156 on March 3, 1947 to imprisonment in the Western State Penitentiary for an indeterminate period of not less than two and one-half years and not more than five years, to be computed from July 25, 1946. The sentence at No. 21/152 was subsequently imposed the same day for an indeterminate term to the Western State Penitentiary of not less than two and one-half years and not more than five years, the same to commence and be computed from the expiration of the sentence imposed at No. 25/156. On April 1, 1947, sentence at No. 13/109 was imposed for an indeterminate period of not less than one year or more than five years, said sentence to begin at the expiration of the sentences imposed at Nos. 25/156 and 21/152. Said three sentences carried a minimum sentence of six years, expiring on July 25, 1952, and a maximum sentence of fifteen years, expiring on July 25, 1961.

In a previous habeas corpus proceeding filed in the State court, the Superior Court of Pennsylvania set aside sentences at 25/156 and 21/152 and directed the trial court to resentence petitioner at 13/109. Commonwealth ex rel. Holly v. Ashe, Warden, 166 Pa.Super. 599, 74 A.2d 182.

Said Order and Mandate were issued to the Court of Fayette County, Pennsylvania, on June 12, 1950, and based thereon, on July 11, 1950 the trial court imposed the following sentence in the presence of petitioner:

"And now, July 11, 1950, the defendant, John J. Holly, having been brought before this Court for re-sentence, pur-

suant to order of the Superior Court under date of June 12, 1950, after consideration, the said defendant, John Holly, is hereby sentenced to undergo imprisonment in the Allegheny County Workhouse for and during a period of four years, to be computed from June 12, 1950, the date of the aforesaid Order of the Superior Court.

"Should an appeal to The Supreme Court be allowed from the Order of The Superior Court reversing the sentences of this Court at No. 25/156 September Term, 1946, and at No. 21/152 September Term, 1946, and should said Orders be reversed and the sentences reinstated, then further execution of this sentence is to be postponed until the expiration of the sentence at No. 21/152 September Term, 1946, and the defendant shall be transferred forthwith to the Western Penitentiary."

It is well to remember when the trial court imposed the amended sentence as to 13/109, in accordance with the Mandate of the Superior Court, it was provided:

"Should an appeal to The Supreme Court be allowed from the Order of The Superior Court reversing the sentences of this Court at No. 25/156 September Term, 1946, at at No. 21/152 September Term, 1946, and should said Orders be reversed and the sentences reinstated, then further execution of this sentence is to be postponed until the expiration of the sentence at No. 21/152 September Term, 1946, and the defendant shall be transferred forthwith to the Western Penitentiary."

■ Where an appellate court in Pennsylvania reverses an original sentence because it is an illegal or erroneous sentence, and remits the record for appropriate action, the lower court may proceed to sentence the defendant anew in proper form and according to law. The power of the lower court to sentence the defendant anew is restricted to the correction of the specific features of the original sentence which the appellate court has held to be illegal or erroneous. The Superior Court does not have the power to bring about an increase in a valid sentence by reversing the orig-- inal sentence and remitting the record to the lower court for sentence anew. Commonwealth v. Downer, 161 Pa.Super. 339, 53 A.2d 897.

As I read the Superior Court opinion, when petitioner was remanded for sentence on Criminal Action 13/109 in accordance with law, such Mandate and Order were premised on the Pennsylvania law that the crime involved required simple imprisonment rather than confinement in a penitentiary. No suggestion was offered by the Superior Court that the sentence be increased. In fact, said court suggested to the lower court, "When petitioner is resentenced, consideration should be given that imprisonment undergone in the penitentiary is considered equivalent to a substantially greater period of time under simple imprisonment."

If the Order of the Superior Court of Pennsylvania had been sustained by the Supreme Court of Pennsylvania, the sentence imposed by the lower court on 13/109 would have been computed from June 12, 1950, and the maximum sentence would not expire until June 12, 1954 if said sentence were legal and in accordance with law.

■ Where a person has been sentenced to imprisonment for a term to commence immediately after the expiration of a preceding sentence and the first sentence is reversed upon error, the term of the second sentence begins to run from the time of the reversal of the first sentence and no credit is to be allowed on the second sentence for the time served under the first sentence. Commonwealth ex rel. Holly, Appellant v. Claudy, 171 Pa.Super. 340, 90 A.2d 253.

An appeal from the decision of the Superior Court was perfectd to the Supreme Court of Pennsylvania on application of the District Attorney of Fayette County, Pennsylvania, and on June 27, 1951 a reversal was entered. Commonwealth ex rel. Holly v. Ashe (Commonwealth Appellant), 368 Pa. 211, 82 A.2d 244.

It is interesting to note in the opinion of the Supreme Court of Pennsylvania reference is made and discussion is confined solely to Criminal Actions 25/156 and 21/152. No mention is made of Criminal Action 13/109

Subsequent to the decision of the Supreme Court, and without the petitioner being present, the trial court on motion of the District Attorney of Fayette County, Pennsylvania, on July 18, 1951 entered the following Order:

"And now, July 18, 1951, upon consideration of the foregoing motion of the District Attorney, it is ordered and directed that said defendant, John Holly, be transferred forthwith from the Allegheny County Workhouse to the Western Penitentiary," there to serve the remainder of the original sentences imposed upon him by this Court at No. 25/156 September Term, 1946, and at No. 21/152 September Term, 1946; and it is further ordered that execution of the sentence imposed upon defendant, John Holly, to the Allegheny County Workhouse by this Court at No. 13/109 September Term, 1946, under date of Juy 11, 1950, be postponed until the expiration of the sentence at No. 21/152 September Term, 1946, at which time the defendant, John Holly, shall be transferred forthwith to the Allegheny County Workhouse."

Said Order just referred to requires petitioner to serve a minimum of five years and a maximum of ten years in the Western State Penitentiary on Criminal Actions 25/156 and 21/152, and after the completion thereof, or at such time as petitioner is paroled, a maximum sentence of four years in the Allegheny County Workhouse on Criminal Action 13/109.

On August 3, 1952, petitioner was paroled as to Criminal Actions 25/156 and 21/152, and was transferred from the Western State Penitentiary to the Allegheny County Workhouse to commence the execution of the four-year sentence imposed on Criminal Action 13/109 so that he has commenced the fulfillment of said sentence.

It appears that between the decision of the Superior Court and the reversal by the Supreme Court of Pennsylvania, the petitioner was confined to the Allegheny County Workhouse in execution of a sentence imposed at Criminal Action 13/109, for the period from July 10, 1950 to July 19, 1950. Petitioner would, therefore, be entitled as a matter of law to a credit on the four-year sentence which he commenced to serve in the Allegheny County Workhouse on August 3, 1952, since his confinement to said institution was on Criminal Action 13/109.

The limitations on the right of a court to increase a sentence, whether within or without a term of court, seem to be well settled.

The general rule is that judgments, decrees and orders are within the control of the court during the term at which they were made. They are deemed to be "in the breast of the court" making them, and subject to be amended, modified or vacated by that court. This rule applies to criminal cases provided the punishment be not augmented or a punishment partly suffered be not increased. United States v. Benz, 282 U.S. 304, 307, 51 S.Ct. 113, 75 L.Ed. 354.

It is well settled in Pennsylvania that a court cannot increase or add to a sentence after the term at which it was imposed. Commonwealth ex rel. Billman v. Burke, Warden, 362 Pa. 319, 66 A.2d 251; Commonwealth v. Downer, supra.

In Pennsylvania a court has power to revoke and vacate an original sentence within the term of court, and to impose more severe sentences at a later term. Commonwealth ex rel. Michelotti v. Ashe, Warden, 162 Pa.Super. 18, 56 A.2d 313.

Where an invalid or void sentence has been imposed, the defendant has never been legally sentenced and proper sentence may be imposed at a later term. Commonwealth ex rel. Paige v. Smith, Warden, 130 Pa.Super. 536, 198 A. 812.

When the Superior Court in Pennsylvania vacated the sentences of 21/152 and 25/156 and directed re-sentence on 13/109, such order seems to have been based solely on the premise that confinement under State law could not rest in a state penitentiary but had to be in an institution of another type.

As stated in the order of reversal by the Supreme Court of Pennsylvania, no enlightenment is found as to whether the order of

the Superior Court was sustained or vacated as to Criminal Action 13/109.

An order of clarification must be entered by an appropriate State tribunal as to whether or not, in view of the decisions of the Superior and Supreme Courts of Pennsylvania, it was intended that the original sentence imposed on 13/109 on March 3, 1947, the amended sentence of July 11, 1950, or the amended sentence of July 18, 1951 should be executed by petitioner since as a result of being paroled on August 3, 1952 he has completed the execution of the sentences imposed at 21/152 and 25/156.

It may be that the amended sentence pronounced on Criminal Action 13/109 is illegal or void and, if so, habeas corpus in the State courts is the proper remedy to adjudicate the question. Commonwealth ex rel. Nagle v. Smith, Warden, 154 Pa.Super. 392, 36 A.2d 175.

Since state remedies have not been exhausted and the legal sentence to be sustained on Criminal Action 13/109 is a matter solely for the determination of a State tribunal, it is necessary to deny the application for writ of habeas corpus without prejudice. An appropriate Order is entered.