## Commonwealth ex rel. Ulmer, Appellant, v. Rundle.

Submitted November 9, 1965.   Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Lloyd Ulmer,* appellant, in propria persona.

*Theodore A. Parker,* Assistant District Attorney, and *Wilson Bucher,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, March 22, 1966:

This is a habeas corpus proceeding which the trial court dismissed without hearing.   On appeal, the Superior Court affirmed.   We granted allocatur.

The relevant facts are these:

Lloyd Ulmer, the appellant, on February 20, 1959, plead guilty to an indictment charging aggravated assault and battery. He was placed on probation for two years. On July 17, 1959, after hearing, he was found guilty by the court of violating the terms of probation, and sentenced to imprisonment for a term of one and one-half to three years. At all times mentioned, he was without the assistance of counsel, and the record fails to disclose that he was advised of his right thereto, or that he understandingly and intelligently waived his constitutional right to such assistance.

On January 6, 1961, Ulmer was released on parole by the state parole board for the balance of his sentence.[1]

On June 13, 1961, Ulmer was convicted by jury verdicts of two separate charges of burglary and aggravated assault and battery. He was sentenced in each case to imprisonment for a period of one and one-half to three years, the sentences to run consecutively. No post-trial motions were filed, nor appeal entered from the judgments. Before trial on these charges, he was clearly advised of his right to be represented by counsel, and, although Ulmer rejected such assistance, the trial court in an exercise of caution appointed counsel to assist him in every way possible throughout the trials.

On September 19, 1961, Ulmer was convicted by a jury of prison breach, and sentenced to imprisonment for a term of one and one-half to three years, to begin at the expiration of the sentences imposed on June 13, 1961, as hereinbefore described. Throughout these proceedings, he had the assistance of court-appointed

---

[1] According to the Commonwealth's brief, this would not expire until December 13, 1962, a period of approximately 23 months.

counsel. The validity of this judgment was not questioned by appeal.

On November 14, 1961, the state parole board ordered Ulmer recommitted for violation of the parole granted on January 6, 1961, and directed that he serve the balance, or unserved portion, of the sentence imposed on July 17, 1959.

The present action for habeas corpus was instituted on February 4, 1964.

Ulmer advances several reasons why his convictions for burglary, aggravated assault and battery, and prison breach, and the sentences resulting therefrom on June 13, 1961, and September 19, 1961, respectively, are constitutionally invalid. However, an examination of the record in these cases shows that each complaint lacks merit and need not detain us. On the other hand, it is clear that the judgment of sentence imposed on July 17, 1959, as a result of his conviction of aggravated assault and battery was constitutionally tainted and invalid. See, *Commonwealth ex rel. O'Lock v. Rundle*, 415 Pa. 515, 204 A. 2d 439 (1964).

The Commonwealth does not attempt to uphold the validity of the 1959 judgment, but argues that since the present habeas corpus proceedings were not instituted until after the sentence imposed thereon had expired, the question is now moot, and the court is powerless to grant relief. With this, we cannot agree.

While it is true that Ulmer is not now confined on the 1959 invalid judgment, the duration of his imprisonment on the valid judgments entered in 1961 is substantially affected, and will be extended illegally for a period of many months as a result of the sentence imposed in 1959. If the latter is allowed to stand unimpeached, the first valid sentence imposed on June 13, 1961, will be computed from the expiration date of the invalid 1959 sentence, and its commencement and expiration dates illegally delayed. The subsequent valid

sentence entered on September 19, 1961, will likewise be affected. Ulmer is legally entitled to seek relief from imprisonment beyond the correct expiration date of the lawful sentences imposed, and habeas corpus is the only available remedy to obtain it.

It may be argued that, since he is now legally confined and presently not entitled to release, relief should not be granted until the illegal confinement actually begins. This position is answered in our recent decision of *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965).

The order of the Superior Court is reversed, and the order of the Court of Common Pleas of Lancaster County is vacated. The record is remanded to the court of original jurisdiction with directions to grant a new trial in the 1959 proceedings, designated to No. 141 December Sessions, 1958; and to enter an order in the case, designated to No. 233 March Sessions, 1961, directing that the sentence imposed therein begin from the date of commitment on the charge there involved.

Mr. Chief Justice BELL dissents.