## Commonwealth ex rel. Ackerman, Appellant, *v.* Russell.

468

Submitted November 14, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Albert Ackerman,* appellant, in propria persona.

*John Fuller,* Assistant District Attorney, and *Vincent J. Pepicelli,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., March 23, 1967:

This appeal by petitioner Albert Ackerman is from an order dismissing, without a hearing, his petition filed under the Post Conviction Hearing Act, January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1. The reasons assigned in support of the petition are: "a. The introduction into evidence of a statement obtained in the absence of counsel at a time when representation is constitutionally required. b. The denial of my constitutional rights to representation by competent counsel. c. A plea of guilty unlawfully induced. d. The abridgement of a right guaranteed by the Constitution or laws of this state or the Constitution or laws of the United States, including a right that was not recognized as existed at the time of the trial if the constitution requires retrospective application of that right.", and are asserted in reference to his sentences imposed October 8, 1959, following pleas of guilty to thirteen charges of burglary and larceny at No. 59-B and No. 62, A to L, September Sessions, 1959, Crawford County. He was sentenced to the Pennsylvania Industrial School at

Camp Hill on each indictment, all of which sentences were made to run concurrently, were effective from August 4, 1959, and had expired at the time this petition was filed. His petition recited that he was then serving subsequent sentences hereinafter referred to.

After serving one year and nine months on the 1959 sentences petitioner was paroled. Thereafter, on June 29, 1961, he was again arrested on a new charge of burglary and larceny for which he received an additional sentence on September 27, 1961, at No. 61 September Sessions, 1961, of two to four years. While in jail on this charge, but prior to sentence, he tried to escape, for which he received an additional sentence at No. 78-A September Sessions, 1961, of one to two years following the expiration of the sentence at No. 61 September Sessions, 1961. Both of these sentences were to be computed from the expiration of the aforementioned sentences to Camp Hill. Petitioner declares in his petition that his purpose is to have the sentences to Camp Hill invalidated so that the time he served thereunder after his recommitment for parole violation may be credited on the subsequent sentences which he is now serving.

The Post Conviction Hearing Act provides that eligibility for relief under its provisions depends on whether the alleged errors on which relief is to be based have ever been litigated or waived. Although petitioner has filed numerous proceedings[1] we fail to find in the one that was previously before this Court

[1] Habeas corpus at No. 78 November Term, 1963, Crawford County, filed October 29, 1963; coram nobis at No. 78-A September Session, 1961, Crawford County, filed February 5, 1965; habeas corpus at No. 81 September Term, 1965, Crawford County, filed June 29, 1965; habeas corpus at No. 171 September Term, 1965, Crawford County, filed in September 1965, and appeal to Superior Court at No. 24 April Term, 1966, allocatur refused by the Supreme Court; habeas corpus, United States District Court, Middle District of Pennsylvania, No. 811, filed September 29, 1966.

or in the Commonwealth's brief any reference to the alleged errors now being asserted. It would appear that the questions litigated or raised in those proceedings were limited to the indictments returned in 1961, and not to the ones with which we are presently concerned which were returned in 1959. We are, therefore, constrained to rule that the petitioner was not ineligible to resort to this proceeding because of any prior proceedings instituted by him.

There are other questions, however, the first of which is whether the petitioner would be entitled to credit on the sentences he is presently serving on the 1961 indictments if his contentions relating to his 1959 cases are sustained. On the precedents of *Commonwealth ex rel. Holly v. Claudy,* 171 Pa. Superior Ct. 340, 90 A. 2d 253 (1952), cert. denied, 344 U.S. 930, 73 S. Ct. 501, 97 L. Ed. 716; *Commonwealth ex rel. Pyeatte v. Burke,* 170 Pa. Superior Ct. 355, 85 A. 2d 659 (1952), cert. denied, 344 U.S. 842, 73 S. Ct. 55, 97 L. Ed. 655, the learned lower court ruled that since the earlier sentences had expired no credit would be allowed on subsequent sentences for time served on the original sentences, were they found to be invalid. These cases hold that when an order is entered declaring an earlier sentence erroneous or void, the date from which a subsequent sentence is to be computed is the date of such finding or order which, in the present case, would be subsequent to the expiration date of the sentence which petitioner seeks to invalidate. This principle has been recognized by the Federal Courts, *United States ex rel. Holly v. Keenan,* 107 F. Supp. 266 (W.D. Pa. 1952), and in other jurisdictions. See 68 A.L.R. 2d 720. Also see *Commonwealth ex rel. Brink v. Pennsylvania Board of Parole,* 65 Dauph. 53 (1953), which refers to *Commonwealth ex rel. Penland v. Ashe,* 341 Pa. 337, 19 A. 2d 464 (1941). However, subsequent to the order of the lower court *Commonwealth ex rel.*

*Ulmer v. Rundle,* 421 Pa. 40, 218 A. 2d 233 (1966), impliedly overruled the Pennsylvania cases of *Holly* and *Pyeatte,* supra, by holding that when an order is entered declaring an earlier sentence erroneous or void, the date from which a subsequent sentence is to be computed is the date of the commitment of the defendant for the offense resulting in the subsequent sentence. In that case the sentence alleged to have been invalid would also have expired at the time such an order would have been entered. Therefore, we are constrained to conclude that if petitioner is successful in setting aside the earlier sentences he would be entitled to the credit that he claims.

Prior to *Ulmer* it was held by us that a sentence which had expired might not be attacked. *Commonwealth v. Garner,* 204 Pa. Superior Ct. 227, 203 A. 2d 333 (1964); *Commonwealth ex rel. Pyeatte v. Burke,* supra. See also *United States ex rel. Kumitis v. Rundle,* 220 F. Supp. 768 (E.D. Pa. 1963). However, again we find in *Ulmer* a contrary ruling which impliedly overrules *Garner* and *Pyeatte* on this point as well. See *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965). Therefore, the argument of expiration of sentence no longer prevents an attack on the sentences which have expired.

Having resolved the preliminary questions in the manner just stated we must, therefore, direct our attention to the reasons assigned for setting aside the earlier sentences. The fact that a defendant enters a plea of guilty does not of itself prevent him from raising the question of deprivation of constitutional rights. A defendant's constitutional right to counsel is denied unless he understandingly and intelligently waives that right. *Commonwealth ex rel. Johnson v. Maroney,* 416 Pa. 451, 206 A. 2d 322 (1965); *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964). We fail to find in the record before us or in the brief

of the Commonwealth or in the opinion of the lower court any reference to evidence that might establish such a waiver by this petitioner. We cannot accept the facts that petitioner testified against an alleged accomplice or entered numerous pleas of guilty as such evidence.

There are no facts alleged in petitioner's petition in support of his statement that his pleas of guilty were induced by unlawful means. Therefore, his statement raises no issues of fact to be resolved. Section 5 of the Post Conviction Hearing Act, supra, requires that a petition filed thereunder must state, ". . . all facts in support of the alleged error on which the petition is based . . ." For the same reason we need not consider the fourth alleged reason which is a general statement that there has been an abridgement of his constitutional rights.

The remaining alleged error is that a statement was introduced into evidence which had been obtained in the absence of counsel at a time he was constitutionally entitled to counsel. This need not be answered since it occurred before *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977 (1964), and on a plea of guilty no evidence to sustain the charges is necessary.

Therefore, the order dismissing the petition is reversed and the record is remanded to the lower court with directions to conduct a hearing for the sole purpose of determining whether petitioner-defendant intelligently and understandingly waived his right to counsel when he entered pleas of guilty to indictments 59-B and 62, A to L, September Sessions, 1959.

WRIGHT, J., would affirm the order below.