## Commonwealth ex rel. Firmstone, Appellant, *v.* Myers.

Submitted December 13, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Nathaniel Firmstone,* appellant, in propria persona.

*Henry G. Hager, 3rd,* District Attorney, for appellee.

OPINION PER CURIAM, March 15, 1968:
Order affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

Petitioner, Nathaniel Firmstone, was tried and convicted of burglary and larceny on Bill No. 26, December Sessions, 1951, and plead guilty to the charge of aggravated assault and battery and robbery with an accomplice on Bill No. 27, December Sessions, 1951.

On May 21, 1952, petitioner was sentenced to a consecutive term of ten to twenty years on each bill. These sentences then were vacated and petitioner was sentenced to life imprisonment under the Act of June 24, 1939, P. L. 872, §1108(b), 18 P.S. 5108(b).

On June 24, 1964, a petition for a writ of habeas corpus was granted, revoking the life sentence imposed on May 21, 1952, and petitioner was resentenced on July 27, 1964 to a term of six to twelve years on Bill No. 27, and six to twenty years on Bill No. 26.

Petitioner filed another petition for a writ of habeas corpus, which was denied by the lower court on July 7, 1967.

The sole question appealed from the denial of the above petition is whether petitioner was denied his constitutional right to assistance of counsel at the preliminary hearing on Bill No. 26.

The lower court found that petitioner had pleaded guilty at the preliminary hearing, at which petitioner

was not represented by counsel, to the charges on Bill No. 26. Petitioner subsequently changed his plea to not guilty and was tried and convicted by a jury on that Bill. At the trial, the plea of guilty made at the preliminary hearing was entered as evidence against the petitioner.

The facts of the instant case are identical to those of *White v. Maryland*, 373 U.S. 59 (1963). In reversing the conviction in that case, the United States Supreme Court stated: "Whatever may be the normal function of the 'preliminary hearing' under Maryland law, it was in this case as 'critical' a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel." at 60. See *Hamilton v. Alabama*, 368 U.S. 52 (1961). Our Courts have often acknowledged that the preliminary hearing can be a critical stage whereby counsel is required. The instant case is a classic example. *Commonwealth ex rel. Butler v. Rundle*, 416 Pa. 321, 206 A. 2d 283 (1965); *Commonwealth ex rel. Maisenhelder v. Rundle*, 414 Pa. 11, 198 A. 2d 565 (1964).

The petitioner contends that since the preliminary hearing is a critical stage in the instant case, *White v. Maryland*, supra, should be applied retroactively in order to afford him appropriate relief. The lower court found that the *White* case does not apply retroactively, citing *Commonwealth ex rel. Ackerman v. Russell*, 209 Pa. Superior Ct. 467, 228 A. 2d 208 (1967), as support for this proposition. The *Ackerman* case does not deal with the issue presented in the instant case, and, therefore, can in no way be dispositive. Furthermore, it is my opinion that *White v. Maryland*, supra, is clearly applicable retroactively, and thus, the lower court erred in its disposition of the case at bar.

In *Stovall v. Denno*, 388 U.S. 293 (1967), the United States Supreme Court said: "It is true that the right

to the assistance of counsel has been applied retroactively at stages of the prosecution where denial of the right must almost invariably deny a fair trial, for example, at the trial itself, *Gideon v. Wainwright,* 372 U.S. 335, or at some forms of arraignment, *Hamilton v. Alabama,* 368 U.S. 52, or on appeal, *Douglas v. California,* 372 U.S. 353."

The Pennsylvania Supreme Court has stated at great length that assistance of counsel is required at all critical stages and has applied *Gideon v. Wainwright,* supra, retroactively. *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964).

In *O'Lock,* in applying *Gideon* retroactively, the Pennsylvania Supreme Court stated that: "Gideon interprets the Sixth Amendment guarantee of right to counsel, . . . as requiring that counsel be afforded to indigent defendants in state courts. And the ruling of White v. Maryland, 373 U.S. 59, 83 S. Ct. 1050 (1963), is that counsel must be afforded at every critical stage where rights may be preserved or lost in the criminal proceedings." Since *White,* as indicated above, is one of the cases decided in the wake of *Gideon v. Wainwright,* supra, it goes without saying that assistance of counsel is required at all critical stages. The denial of such right necessitates retroactive application, as *Gideon* itself. The language of *O'Lock,* noted above, certainly comports with this view, and is the interpretation accorded the *White v. Maryland,* supra, decision in most other jurisdictions. E.g., *United States ex rel. Jones v. Fay,* 247 F. Supp. 26 (1965), cert. denied, 385 U.S. 1012 (1967).

I would therefore reverse petitioner's conviction on Bill No. 26 and grant a new trial.

SPAULDING, J., joins in this dissent.