Opinion by
Spaulding, J.,
The facts relating to the instant case are stated in Commonwealth ex rel. Ackerman v. Russell, 209 Pa. Superior Ct. 467, 228 A. 2d 208 (1967), wherein this court remanded the record to the court below directing it to conduct a hearing “for the sole purpose of deter *463 mining whether petitioner-defendant intelligently and understandingly waived his right to counsel when he entered pleas of guilty” to certain indictments. After holding the hearing as directed the court below found such a waiver and denied relief.
The recently decided case of Commonwealth ex rel. Mullins v. Maroney, 428 Pa. 195, 236 A. 2d 781 (1968), irrefutably mandates a contrary result. To demonstrate this the colloquies between the respective trial judges and defendant in both Mullms and the case at bar are reproduced below.*
Mullins
“Q. Your name is Richard Mullins?
“A. Yes, sir.
“Q. Where do you live?
“A. Marion, Ohio.
“Q. Do you have an attorney?
“A. No, I don’t.
“Q. You have a right to have counsel here before you appear before the court, you understand that, do you?
“A. Yes, sir.”
Ackerman
“Q. Do you have an attorney?
“A. No.
“Q. How old are you?
“A. Twenty.
“Q. Do you want an attorney to represent you?
“A. No, sir, I don’t think it’s necessary.
*464 “Q. You know you have a right to have one, if you want one?
“A. Yes, sir, I know that.”
In Mullins the Supreme Court held the above colloquy to be insufficient to establish a valid waiver since “[t]his necessitates that he [petitioner] be informed or know not only of his right to consult with an attor-. ney, but also if he is indigent that a lawyer will be appointed to represent him.”
Reversed and remanded for a new trial.

 Indeed, in its brief the Commonwealth states: “It is very-difficult to distinguish the Mullins case . . . from the instant one, which is not surprising since both cases arose in Crawford County, and in each case the colloquy was with the late Judge Mook.”