**Paul T. LYONS, Appellant,**

v.

**Joseph R. BRIERLEY.**

No. 18370.

United States Court of Appeals, Third Circuit.

Submitted on Briefs March 16, 1970.

Argued after Submission Oct. 19, 1970.

Decided on Dec. 18, 1970.

John T. Tierney, III, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant.

Robert L. Campbell, Asst. Dist. Atty., Pittsburgh, Pa. (Robert W. Duggan, Dist. Atty., of Allegheny County, Carol Mary Los, Asst. Dist. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, FREEDMAN and GIBBONS, Circuit Judges.

OPINION OF THE COURT

FREEDMAN, Circuit Judge.

This appeal raises the question whether the district court had jurisdiction to consider a habeas corpus attack on the validity of a fully served sentence petitioner was required to complete which thereby postponed the commencement of his service of a later sentence on another unchallenged conviction for which he is still incarcerated.

In 1962 petitioner was convicted of larceny in the state court in Allegheny County, Pennsylvania, and sentenced to a term of imprisonment not to exceed five years. He was paroled more than two years later and while on parole was arrested and taken into custody on May 28, 1965, on charges of larceny, armed robbery, aggravated assault and battery and robbery. On January 13, 1966, he was found guilty of these charges and sentenced to imprisonment for not less than five nor more than 15 years. On the same day he was recommitted as a convicted parole violator and was required to serve the balance of the 1962 sentence prior to beginning the service of the 1966 sentence.

It was not until September 13, 1968 that he finally completed his service of the 1962 sentence. He then began to serve the 1966 sentences of five to 15 years.[1]

Petitioner made various unsuccessful collateral attacks under the Pennsylvania Post Conviction Hearing Act[2] on both the 1962 and the 1966 convictions in the state court on the ground of double jeopardy. In May 1968, he again attacked the 1962 sentence in the state court, but this time on the ground that he had been denied the opportunity to appeal his sentence. He exhausted this issue by unsuccessful appeal to the Superior and Supreme Courts of Pennsylvania[3] and then filed in the district court the present petition for a writ of habeas corpus asserting that he had been denied the right of appeal by his lawyer and the trial judge in the 1962 proceeding.[4]

Since the 1962 sentence had expired prior to the filing of the petition for habeas corpus, the district court dismissed the petition, declaring that the case was moot. We affirmed the judgment of dismissal in a per curiam opinion on April 2, 1970, but on May 26, 1970 we recalled our judgment and opinion, ordered rehearing of the appeal by the original panel, appointed counsel for petitioner and directed counsel's attention to our opinion in United States ex rel. DiRienzo v. State of New Jersey, 423 F. 2d 224 (3 Cir. 1970).

■ The decision of the district court is based upon too narrow a view of the "in custody" requirement imposed on applicants for habeas corpus by judicial decisions and codified in 28 U.S.C. § 2241(c) (3).[5] It is now well settled that the writ of habeas corpus may be available to attack the validity of a criminal conviction even though the relief available cannot result in the petitioner's release from custody, as in the case where he is still incarcerated under an earlier sentence which he has not attacked.[6] It has even been indicated under a relaxed view of the "in custody" requirement that one who has fully completed service of a sentence may still attack its validity by habeas corpus[7] because of the residual effects of the conviction which follow him thereafter on his chances of parole from a sentence for another unchallenged conviction, on his reputation, on his right to vote, and on his ability to engage in a business which requires licensing.[8]

■ In the present case we do not deal with the outer limits which the "in custody" requirement places on jurisdiction to entertain writs of habeas corpus. Here the earlier sentence which is under

1. Petitioner has been given credit on the 1966 sentences for the period of seven months and 15 days which he spent in custody from the date of his arrest to the date of these sentences. As a result his 1966 sentences are calculated as if he had begun to serve them on January 28, 1968.

2. Act of January 25, 1966, P.L. (1965) 1580, 19 Purdon's Pa.Stat.Annot. § 1180-1 et seq.

3. Commonwealth v. Lyons, 213 Pa.Super. 781, 249 A.2d 366 (1968); allocatur refused, 215 Pa.Super. xliv.

4. There is a variation between the statement of the claim in the state post conviction petition and the federal petition for habeas corpus.

5. "The writ of habeas corpus shall not extend to a prisoner unless—
     *      *      *      *      *

"(3) He is in custody in violation of the Constitution or laws or treaties of the United States. * * *"

6. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

7. Carafas v. LaValle, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), where the petition for habeas corpus was filed in the district court while petitioner was still imprisoned, but his petition for certiorari was filed in the Supreme Court and his case there decided after he had completed the service of his sentence.

8. Carafas v. LaValle, 391 U.S. 234, 88 S. Ct. 1556, 20 L.Ed.2d 554 (1968); Williams v. Peyton, 372 F.2d 216 (4 Cir. 1967). Cf. Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 91 L.Ed. 196 (1946); Ginsberg v. New York, 390 U.S. 629, 633-634, n. 2, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968).

attack directly and indubitably affects the duration of petitioner's confinement under the second sentences. This is a clear-cut case of custody resulting from an earlier sentence which if invalid prolongs illegally petitioner's stay in prison. We dealt with this situation in *DiRienzo*, where we held that a federal court could effectively grant habeas relief if under the applicable state law the invalidation of the prior sentence would result in crediting the second sentence then being served with the time spent subsequent to the arrest for the second offense. *DiRienzo* rules this case.[9]

Here petitioner is confined under the second sentences for a period which will be substantially reduced under Pennsylvania law if the 1962 conviction is now set aside as invalid. The Pennsylvania Supreme Court in Commonwealth ex rel. Ulmer v. Rundle, 421 Pa. 40, 218 A.2d 233 (1966), held that the Pennsylvania courts have jurisdiction to determine the validity of a prior sentence which has already expired if its invalidity would result in a credit for some of the time served under it against the subsequent valid sentence. The Court there upheld the power of the courts to grant relief on habeas corpus because the commencement of petitioner's custody under subsequent valid sentence was delayed by the revocation of his parole on the original invalid sentence. Mr. Justice Eagen said:

"The Commonwealth * * * argues that since the present habeas corpus proceedings were not instituted until after the sentence imposed there-

on had expired, the question is now moot, and the Court is powerless to grant relief. With this, we cannot agree.

"While it is true that Ulmer [the petitioner] is not now confined on the invalid judgment, the duration of his imprisonment on the valid judgments entered in 1961 is substantially affected, and will be extended illegally for a period of many months as a result of the sentence imposed in 1959. If the latter is allowed to stand unimpeached, the first valid sentence imposed [in 1961] * * * will be computed from the expiration date of the invalid 1959 sentence, and its commencement and expiration dates illegally delayed. * * * Ulmer is legally entitled to seek relief from imprisonment beyond the correct expiration date of the lawful sentences imposed, and habeas corpus is the only available remedy to obtain it."[10] 421 Pa. at 43–44, 218 A.2d at 234.

On the record before us petitioner was committed to serve the remaining period of more than two years on the 1962 sentence when he was arrested and taken into custody on May 28, 1965, for the second offenses. Pennsylvania law entitles him to be credited for this period, which he has already served, against the term he is serving under the 1966 sentences of five to 15 years, if his attack on the validity of the first sentence should prove successful. Here, then, there will be an actual and illegal extension of the ultimate date of petitioner's release under the second sentences if he

---

9. See also Cappetta v. Wainwright, 406 F.2d 1238 (5 Cir.), cert. denied 396 U.S. 846, 90 S.Ct. 55, 24 L.Ed.2d 96 (1969); Tucker v. Peyton, 357 F.2d 115 (4 Cir. 1966).

10. *Ulmer* overruled earlier Pennsylvania Superior Court decisions which had held that if an order is entered declaring an earlier sentence invalid, the subsequent sentence is to be computed from the date of the finding or order of invalidity (Commonwealth ex rel. Holly v. Claudy, 171 Pa.Super. 340, 90 A.2d 253, cert. denied 344 U.S. 930, 73 S.Ct. 501, 97

L.Ed. 716 (1953); Commonwealth ex rel. Pyeatte v. Burke, 170 Pa.Super. 355, 85 A.2d 659, cert. denied 344 U.S. 842, 73 S.Ct. 55, 97 L.Ed. 655 (1952)), and that a sentence which had expired was not subject to attack on habeas corpus (Commonwealth v. Garner, 204 Pa.Super. 227, 203 A.2d 333 (1964); Commonwealth ex rel. Pyeatte v. Burke, supra). See, generally, Commonwealth ex rel. Ackerman v. Russell, 209 Pa.Super. 467, 471–472, 228 A.2d 208, 210–211 (1967). Cf. Commonwealth v. Sheehan, 216 Pa.Super. 26, 260 A.2d 496 (1969).

is continued in confinement and the first sentence is invalid. There is, therefore, no lack of custody or of jurisdiction to entertain his application for relief on habeas corpus.

In these circumstances we will vacate the order of the district court dismissing the petition for habeas corpus and remand the case for consideration of the merits of the petition.

McLAUGHLIN, Circuit Judge (dissenting).

On September 27, 1962, in the Pennsylvania criminal court appellant was convicted of larceny, receiving stolen goods and operating a motor vehicle without the owner's consent. He was given an indeterminate sentence of not less than five years. He was defended by court assigned trial counsel.

On November 10, 1964, he was released on parole. He was recommitted on May 10, 1965 as a parole violator. He was indicted on new charges for other offenses while on parole. He was tried and convicted, receiving a sentence of from five to fifteen years in prison. In 1966, four years after his 1962 conviction, he filed a post conviction hearing petition referring to it as an effort to gain relief "from serving a parole term in prison." The petition was denied by the trial judge. That decision was affirmed by the Superior Court and allocatur refused.

On January 23, 1967 Lyons filed a second post conviction hearing petition. Robert H. Straub, Esq. was assigned as his attorney. That petition was dismissed. Appellant, on May 23, 1968, filed a third petition and in it he plainly indicated that throughout his court matters mentioned he possessed full knowledge of the direct appealability of the convictions against him. He states in his brief regarding his first conviction that "Counsel of record abandoned petitioner, *leaving him without means to prepare or take or perfect an appeal in either the sentencing or to the Superior Court."* (Emphasis supplied.) The trial court appointed the Public Defender as Lyons' attorney. The court dismissed the petition, holding that its claims "are patently frivolous and without a trace of support." It was in that petition, that, for the first time, Lyons claimed that he had not been informed by his "court appointed counsel" or the trial judge of his right to appeal and to have assigned counsel. This assertion is appellant's sole alleged semblance of excuse for reversing the judgment of the district court and of all the Pennsylvania courts involved. There is not a word even suggesting that Lyons was wrongly punished on either set of charges. Clearly, he was not directly or indirectly denied appeal and assigned counsel. There is no Douglas problem before us in this appeal. DiRienzo, confined to its facts, as it must be to prevent palpable injustice, does not control our issue. There is merely the cold fact remaining that Lyons, violating his probation, received an additional prison term of five to fifteen years and was recommitted to serve out the balance of his first conviction. Following that as Lyons said to avoid serving "a parole te rm in prison" he made shrewd use of the frightening contention that he had been deprived of his right to appeal and to be given counsel. I think the attempt has failed. There is no substantial trial error in this record. Appellant's claims are patently frivolous and without a trace of support as the Pennsylvania courts have held. On that basis I would affirm the judgment of the district court.