COMMONWEALTH of Pennsylvania, ex rel. Isaac STROPE

v.

DISTRICT ATTORNEY OF BRADFORD COUNTY.

**Appeal of: Isaac Strope.**

Superior Court of Pennsylvania.

Submitted Oct. 29, 2001.
Filed Dec. 3, 2001.

 

Michael C. Kostelaba, Wilkes-Barre, for appellant.

Robert B. McGuinness, Asst. Dist. Atty., Towanda, for Com., appellee.

Before: JOHNSON, HUDOCK and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 This is as appeal from the August 21, 2000 Order denying the petition for *habeas corpus* relief filed by the appellant, Isaac Strope. We affirm, albeit on grounds in addition to those cited by the court in its Order.[1]

¶ 2 The procedural history of this case is foggy at best, the facts set forth herein having been gleaned from the parties' briefs. On December 24, 1980, after having been convicted of conspiring[2] to deliver a controlled substance, the appellant, Isaac Strope, was sentenced in Bradford County to a term of eight (8) months and fifteen (15) days to twenty-three (23) months and twenty-nine (29) days imprisonment. At this time, appellant had previously pled guilty to the same crime and been sentenced in both Montgomery and Buck Counties. It is appellant's argument that all three conspiracy convictions arose from the same conduct, and the Pennsylvania State Police Drug Task Force knew of this pattern prior to the entry of his first guilty plea. Therefore, appellant argues his right against double jeopardy was violated when he was convicted and sentenced in Bradford County. Subsequent to the completion of his state incarceration, appellant was found guilty in federal court and, according to appellant, he received an enhanced federal sentence due to the Bradford County conviction. Appellant is presently serving the federal sentence.

¶ 3 On April 11, 2000, appellant filed a *habeas corpus* petition in state court, naming as the defendant the District Attorney of Bradford County. A hearing was conducted on August 20, 2000, and relief was denied the following day.[3]

¶ 4 The gist of appellant's argument is his conviction and sentence in Bradford County are illegal because his prosecution should have been barred by double jeopardy principles, and trial counsel was ineffective for failing to know this. Appellant acknowledges he has served the full state term imposed in Bradford County, but

---

1. *See Commonwealth v. Priovolos,* 746 A.2d 621, 626 n. 6 (Pa.Super.2000), *appeal denied,* 563 Pa. 643, 758 A.2d 1198 (2000).

2. 18 Pa.C.S.A. § 903.

3. No transcript of this proceeding is included in the record.

contends he is now the victim of the collateral consequences of an illegal state sentence; to wit, appellant argues, without supporting documentation, that the federal sentence he is now serving was enhanced based upon his illegal state conviction. For this reason, appellant contends that the state conviction and sentence should be vacated.

■　¶ 5 First we must address the PCRA court's finding, in its September 26, 2000 1925(a) statement, that the August 21, 2000 Order is not final and appealable. We disagree. An Order is final and appealable if it effectively puts the litigant, "out of court" as to the claims averred against the defendant. *See* Pa.R.A.P. 341, Final Orders, Generally. Because the effect of the August 21, 2000 Order is to put appellant out of court as to the District Attorney of Bradford County, we find the Order is final and appealable and properly before this Court.

■　¶ 6 We do agree, however, with the trial court's finding that the District Attorney of Bradford County is the wrong party against whom to assert this claim for *habeas corpus* relief. A writ of *habeas corpus* must be directed to the person having custody of the person detained. *See* 42 Pa.C.S.A. § 6504, Return on writ (stating, "[t]he writ, or the order to show cause why the writ should not issue, shall be directed to the person having custody of the person detained[ ]"); *see also* Standard Pennsylvania Practice 2d, § 98:68[,] Generally; petitions (stating, "a proceeding for a writ of habeas corpus is initiated by a petition against the officer or person who is alleged to be holding the petitioner in custody wrongfully[ ]") (footnotes omitted). Clear-

ly, when the petitioner is a federal prisoner, the District Attorney of Bradford County is not the correct party against whom to assert a *habeas corpus* claim, and on this basis alone we may affirm the Order denying relief without reaching the underlying merit of appellant's arguments.

■　¶ 7 Moreover, while now incarcerated in federal prison, appellant is challenging the validity of his underlying state conviction.[4] To do so, he must employ the PCRA, as it is the exclusive vehicle by which to obtain post-conviction, state collateral relief, and subsumes all other common law remedies, including *habeas corpus*. *See Commonwealth v. Bronshtein*, 561 Pa. 611, 614 n. 3 752 A.2d 868, 869–870 n. 3 (2000). Because the remedy which appellant seeks, vacation of his conviction and sentence in Bradford County, is cognizable under the PCRA, state *habeas corpus* relief is unavailable. *See Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999). The PCRA is not available to appellant, however, as he is not currently in state prison, on probation or parole. *See Commonwealth v. Ahlborn*, 548 Pa. 544, 699 A.2d 718 (1997).

¶ 8 Based on the reasoning set forth above, we affirm the August 21, 2000 Order denying relief.[5]

¶ 9 Order affirmed.

---

4. Appellant's reliance on *Commonwealth ex rel. Ulmer v. Rundle,* 421 Pa. 40, 218 A.2d 233 (1966), is misplaced, as the facts are distinguishable from those before us.

5. We also note that a post-conviction petition for relief will be treated as a PCRA petition regardless of the title of the document filed. *Commonwealth v. Hutchins,* 760 A.2d 50 (Pa.Super.2000).