J. S09010/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ROBINSON HALL, : No. 620 WDA 2014
:
Appellant :

Appeal from the PCRA Order, March 19, 2014,
in the Court of Common Pleas of Crawford County
Criminal Division at No. CP-20-CR-0000226-2012

BEFORE: FORD ELLIOTT, P.J.E., BOWES AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED FEBRUARY 19, 2015**

Robinson Hall appeals from the order of March 19, 2014, denying his

PCRA[1] petition. As appellant does not set forth any basis for PCRA relief, we

affirm.

On June 11, 2012, appellant pled guilty to a single count of retail theft,

graded as a felony of the third degree. In exchange for his guilty plea, the

Commonwealth *nol prossed* the remaining charges, including criminal

conspiracy and possessing an instrument of a crime. There was no

agreement as to sentencing. (Notes of testimony, 6/11/12 at 11.)

On June 26, 2012, appellant appeared for sentencing before the

Honorable Mark D. Stevens. The trial court imposed an aggravated range

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

sentence of 19 to 38 months' incarceration, to run concurrently with any other sentences appellant was currently serving. At the time of sentencing, appellant was on state parole. Appellant filed untimely **pro se** post-sentence motions which were denied. No direct appeal was filed.

On June 7, 2013, appellant filed a timely **pro se** PCRA petition, alleging that the trial court's sentencing order of June 26, 2012, was not being honored by the Pennsylvania State Board of Probation and Parole in that his sentences were not being run concurrently. Counsel was appointed and filed an amended petition on appellant's behalf on August 21, 2013.

The PCRA court heard argument on the petition on September 24, 2013. On November 26, 2013, the PCRA court gave notice, pursuant to Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A., of its intention to dismiss the petition without an evidentiary hearing within 20 days. Appellant was granted several extensions of time within which to file a response to Rule 907 notice, and filed a response on March 4, 2014. By order dated March 19, 2014, but docketed on March 20, 2014, appellant's petition was dismissed. A timely notice of appeal was filed on April 14, 2014. On April 17, 2014, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. Appellant timely complied on April 24, 2014; and on May 12, 2014, the PCRA court filed a Rule 1925(a) opinion.

Appellant has raised the following issues for this court's review:

1.   Whether the Trial Court erred in dismissing [appellant]'s [] Amended Petition for [PCRA] Relief [] without the benefit of an evidentiary hearing to allow testimony regarding allegations of constitutional violations?

2.   Whether the Trial Court erred by not exercising its authority, pursuant to 42 Pa.C.S.A. § 761, to Order the Department of Corrections to comply with its sentencing Order of June 26, 2012?

3.   Whether the Trial Court erred by not transferring the case to the Commonwealth Court pursuant to 42 Pa.C.S.A. § 5103?

Appellant's brief at 3.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005).  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super.2001).

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007),

***appeal denied***, 940 A.2d 365 (Pa. 2007).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa.Super.2001).  It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence.  ***Id.*** It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of

> material fact in controversy and in denying relief without conducting an evidentiary hearing. ***Commonwealth v. Hardcastle***, 549 Pa. 450, 454, 701 A.2d 541, 542-543 (1997).

***Id.*** at 882, quoting ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1239-1240 (Pa.Super. 2004). "After a defendant has entered a plea of guilty the only cognizable issues in a [PCRA] proceeding are the validity of the plea of guilty and the legality of the sentence." ***Commonwealth v. Martinez***, 539 A.2d 399, 401 (Pa.Super. 1988) (citation omitted).

In his first issue on appeal, appellant complains that by dismissing his claims without an evidentiary hearing, his constitutional rights to access to the courts and ***habeas corpus*** were violated. (Appellant's brief at 11-12.) The PCRA court found that appellant's claim was not cognizable under the PCRA. Appellant concedes that he is not asserting actual innocence or trial counsel ineffectiveness. (***Id.*** at 11.) Rather, appellant argues that his sentence is illegal because the Department of Corrections ("DOC") and Parole Board are refusing to run his sentence concurrently, as directed by the trial court.

First, we observe that appellant is not being denied his constitutional right of access to the courts, or his right to file a petition for writ of ***habeas corpus***. Rather, issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a ***habeas corpus*** petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 465-466 (Pa.Super. 2013). The PCRA is the exclusive vehicle by which to obtain post-conviction, state

collateral relief, and subsumes all other common law remedies, including **habeas corpus** and **coram nobis**. **Com. ex rel. Strope v. District Attorney of Bradford County**, 789 A.2d 218, 220 (Pa.Super. 2001), **appeal denied**, 805 A.2d 518 (Pa. 2002), citing **Commonwealth v. Bronshtein**, 752 A.2d 868, 869-870 n.3 (Pa. 2000); 42 Pa.C.S.A. § 9542. Appellant's illegality of sentencing claim is cognizable under the PCRA.

Second, appellant's claim is patently meritless. In fact, the Parole Board was statutorily <u>required</u> to run his parole revocation sentence consecutively to his sentence on the new charges. 61 Pa.C.S.A. § 6138.

> [The Parole Act] mandates that sentences for crimes committed on parole must be served consecutively with time remaining on original sentences and thus prohibits courts of this Commonwealth and the Board from imposing concurrent sentencing. Also, the Board may not impose a parole violation sentence to run concurrently with a new sentence for an offense committed while on parole.

**Walker v. Pennsylvania Board of Probation and Parole**, 729 A.2d 634, 638 (Pa.Cmwlth. 1999) (citations omitted). **See also Commonwealth v. Ortiz**, 745 A.2d 662 (Pa.Super. 2000), **appeal denied**, 795 A.2d 973 (Pa. 2000), **disapproved of on other grounds by Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005) (by statute, parole violators are required to serve in consecutive fashion the sentence for the new crime as well as the unexpired balance of the parole sentence). Therefore, to the extent the trial court's sentencing order to the effect that appellant's sentence is "to run concurrent with any other sentences which you are currently serving," could

be construed to include appellant's parole revocation sentence, it is contrary to established law. The trial court did not have the authority to impose appellant's VOP sentence concurrently with the sentence on the new charges.

Moreover, appellant was well aware of this fact at the time of his guilty plea and sentencing. Appellant was put on notice that, despite the sentencing order, he might have to serve his back time on the parole violation consecutively to his sentence on the new charges. Therefore, he cannot claim his plea was invalid on this basis. During the guilty plea colloquy, appellant was informed that there was no agreement as to sentencing, and that the maximum sentence for retail theft was seven years' imprisonment and a $15,000 fine, plus whatever he might receive on the parole violation:

> THE COURT: Now, that's in addition to whatever you might receive on the probation/parole violation. But on this case in this docket in this courtroom, the most you could receive is those numbers. Yeah, go ahead.
>
> [APPELLANT]: I'm not on probation, sir. I haven't been on probation for over 20 years.
>
> THE COURT: Probation or parole.
>
> [APPELLANT]: Yeah, I'm on parole. Probation is county. Parole is state.
>
> THE COURT: And I understand that.
>
> [APPELLANT]: Right.

- 6 -

> THE COURT: But I guess my point is that you understand that this is in addition to whatever you might receive for any violation?
>
> [APPELLANT]: Okay.

Notes of testimony, 6/11/12 at 12.

In fact, at sentencing, appellant expressed his belief that no matter what the sentencing court ordered, the Parole Board would run his back time consecutively:

> THE COURT: Okay. The sentence -- I think the sentence is an aggravated sentence, but I'm going to run it concurrent so by the time you shape all that all up, it probably won't make much difference. That's my opinion on how it should be handled. State parole has their own authority, as you know, and they will do what they see fit but I think you're at least pointing in the right direction here with the drug and alcohol piece.
>
> [APPELLANT]: Can I say something, Your Honor?
>
> THE COURT: Of course you can.
>
> [APPELLANT]: You stated that you ran it concurrent with the sentence that I'm serving now, my old sentence; is that what you said?
>
> THE COURT: Yes.
>
> [APPELLANT]: But it ain't [sic] going to work like that. Do you know why it's not going to work like that? They're not going to honor that, they're not going to honor your decision, sir. The reason why I'm saying they're not going to honor your decision, due to the fact the parole board -- this is how they do things, this is how they work. You can parole people. They are going to run it bull-legged. I don't care if you do run it concurrent.

THE COURT: I understand the way they try to do it. I know that that's my intention. If they have the authority -- and we have this discussion all of the time with them.

[APPELLANT]: Okay.

THE COURT: If they have the authority, it is up to them. They can ultimately trump it. That's what I just said to you.

[APPELLANT]: Right.

THE COURT: But I'm telling you I see this as a continuation and that's why I did it. I want them to know my opinion on how it should run.

[APPELLANT]: Okay.

THE COURT: If they decide to do something differently, then that's to some extent within their power, but I want them to know my opinion. Okay?

[APPELLANT]: Okay.

THE COURT: Sometimes it's funny, Mr. Hall, that I feel like I've worked pretty hard to get here and I don't get to make the final decisions all of the time and you understand that.

[APPELLANT]: I just want to bring it to your attention so it's on the record.

THE COURT: I get it. I know the way it works.

[APPELLANT]: Okay.

Notes of testimony, 6/26/12 at 23-25.

Appellant was a sophisticated defendant with a prior record score of five and a criminal record dating back to at least 1980, when he was sentenced to state time. (*Id.* at 7-8.) It is evident from the interaction

- 8 -

between appellant and the trial court that appellant knew exactly how the system worked. Appellant had no reasonable expectation that his sentences would be made concurrent, regardless of the court's order. As Judge Stevens remarked during oral argument on appellant's PCRA petition:

> I'll put concurrent in there to see if it gives you, and I maybe even used those words, a fighting shot to argue that it is concurrent. If you can convince them, that's fine with me. I don't care. But that's not my decision. That's their decision. And he knew that. He understood that. And we talked about it. And it's on -- it's in the plea colloquy that we talked about it.

Notes of testimony, 9/24/13 at 23-24.

> So you can't suggest that [appellant] was shocked when he got there and didn't get a concurrent sentence. And certainly, nothing was said on the record or off the record that would suggest that to him that, you know, what he understood was wrong and you're going to get a concurrent sentence. It just wasn't the case.

*Id.* at 24.

> He knew that day what we were doing. I explained to him and I gave him a fighting chance to try to fix it and instead he is now throwing it back at us and saying, hey, you know, you said in here concurrent. We never thought it would be concurrent. He knew that. We knew that. His lawyer knew that. Everybody knew that. It was put there as a courtesy to him to try to help him. And now, because it didn't get -- because he got exactly what he thought he was going to go get but which he hopped [sic] he wouldn't, now he is suggesting somehow that I meant something by the transcript which clearly I didn't mean and he is adding significance to our language that just is not there and frankly not accurate.

*Id.* at 25-26. The underlying claim, that appellant should have received concurrent sentences, is meritless. Appellant is required to serve any back time on the parole violation consecutively, and this was explained to him at his plea and sentencing. The plea was open as to sentencing. Appellant was not suffering from any misapprehension as to the nature of his sentence.

Next, appellant argues that the trial court should have issued an order directing the DOC to comply with its June 26, 2012 sentencing order. (Appellant's brief at 13.) The cases cited by appellant relate to calculation of time credit, which is not at issue in this case. *Cf. McCray v. Pennsylvania Dept. of Corrections*, 872 A.2d 1127, 1133 (Pa. 2005) (DOC did not have a duty to credit defendant for time served because the trial court did not order credit for time served and the DOC has no authority to alter sentencing conditions). Furthermore, the PCRA is not the proper vehicle to seek review of the Board's administrative decisions, or to challenge the DOC's calculation of sentences. *See Commonwealth v. LeGrande*, 567 A.2d 693 (Pa.Super. 1989) (holding that the PCRA is not the proper vehicle to challenge the Board's determination of parole eligibility); *Commonwealth v. Perry*, 563 A.2d 511 (Pa.Super. 1989) (holding that the PCRA is not the proper vehicle to challenge the Bureau of Corrections' calculation of sentences).

Finally, appellant contends that the PCRA court should have treated his petition as an action in mandamus and transferred the matter to the

Commonwealth Court. (Appellant's brief at 15-16.) According to appellant, the Commonwealth Court could then decide whether the DOC and the Parole Board were failing to comply with the sentencing order. (*Id.* at 16.) *See Bright v. Pennsylvania Bd. of Probation and Parole*, 831 A.2d 775, 777-778 (Pa.Cmwlth. 2003) ("A writ of mandamus will lie to compel the Department of Corrections to properly compute a prisoner's prison sentence.") (citations omitted). The appropriate vehicle for redress of any specific calculation of time served would be an original action in the Commonwealth Court challenging the DOC's computation, after exhausting any administrative remedies available through the DOC's internal grievance process. *See Perry*, 563 A.2d at 512-513; *Black v. Pennsylvania Department of Corrections*, 889 A.2d 672, 674 (Pa.Cmwlth. 2005).

This case has nothing to do with calculation of credit time. Appellant received all available credit time against his sentences. (Notes of testimony, 6/26/12 at 6.) This is not in the nature of a mandamus action and transfer to the Commonwealth Court would be inappropriate. In fact, as discussed above, the Parole Board was required to run appellant's sentences consecutively, irrespective of the trial court's order. The Parole Board was without discretion to allow appellant to serve out his back time concurrently with his sentence on the new charges. Appellant's claim was patently frivolous and the PCRA court did not abuse its discretion in dismissing it without an evidentiary hearing.

J. S09010/15

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2015