J-S18032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAY LEE WALTER, SR. | : | |
| | : | |
| Appellant | : | No. 1062 MDA 2018 |

Appeal from the PCRA Order Entered June 5, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000532-2009

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                     **FILED APRIL 24, 2019**

Appellant, Jay Lee Walter, Sr., appeals from the June 5, 2018, order entered in the Court of Common Pleas of Franklin County purporting to deny Appellant's second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After a careful review, we are constrained to vacate the PCRA court's June 5, 2018, order and remand for further proceedings consistent with this decision.

The relevant facts and procedural history are as follows:  Appellant was arrested in connection with the sexual assault of his minor daughter from October 2006 to October 2008.  Represented by counsel, Appellant proceeded to a jury trial, at the conclusion of which he was convicted of rape of a child, involuntary deviate sexual intercourse with a child (two counts), indecent

_____
*   Former Justice specially assigned to the Superior Court.

assault, and endangering the welfare of a child.[1] Appellant was sentenced to an aggregate of 23 years to 50 years in prison, and he was determined to be a sexually violent predator pursuant to 42 Pa.C.S.A. § 9792.

Appellant filed a timely direct appeal to this Court. In an unpublished memorandum filed on December 9, 2011, a panel of this Court concluded the trial court erred in admitting out-of-court statements by the victim pursuant to Pennsylvania's "Tender Years Act," 42 Pa.C.S.A. § 5985.1. Consequently, this Court vacated the judgment of sentence and remanded for further proceedings. *See Commonwealth v. Walter*, 1829 MDA 2010 (Pa.Super. filed 12/9/11) (unpublished memorandum). However, the Commonwealth filed a petition for allowance of appeal, which the Pennsylvania Supreme Court granted.

Thereafter, in an opinion filed on February 18, 2014, the Supreme Court held this Court erred in finding the trial court abused its discretion by admitting the victim's out-of-court statements pursuant to the Tender Years Act. *See Commonwealth v. Walter*, 625 Pa. 522, 93 A.3d 442 (2014). Accordingly, the Supreme Court reversed this Court's decision and remanded to this Court for consideration of Appellant's remaining issues. *See id.*

Upon remand, in an unpublished memorandum filed on September 9, 2014, this Court concluded Appellant was not entitled to relief on his remaining

---

[1] 18 Pa.C.S.A. §§ 3121, 3123, 3126, and 4304, respectively.

issues, and therefore, we affirmed his judgment of sentence. **See Commonwealth v. Walter**, 1829 MDA 2010 (Pa.Super. filed 9/9/14) (unpublished memorandum). Appellant did not file a petition for allowance of appeal from this decision.

On or about February 3, 2017, Appellant filed a *pro se* PCRA petition in which he challenged the legality of his sentence and suggested he was entitled to the newly recognized constitutional right exception to the PCRA's time bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii). In support of his claim, Appellant cited to several cases, including **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151 (2013),[2] and **Commonwealth v. Wolfe**, 636 Pa. 37, 140 A.3d 651 (2016).[3] On February 27, 2017, the PCRA court appointed counsel, who filed a petition seeking to withdraw his representation, as well as a **Turner/Finley**[4] "no-merit" letter on April 24, 2017.

By order entered on May 12, 2017, pursuant to Pa.R.Crim.P. 907(1), the PCRA court provided Appellant with notice of its intent to dismiss

_____

[2] In **Alleyne**, the United States Supreme Court held any fact that increases mandatory minimum sentences for a crime is considered an element of the crime for the fact-finder to find beyond a reasonable doubt.

[3] In **Wolfe**, the Pennsylvania Supreme Court held that 42 Pa.C.S.A. § 9718, pertaining to mandatory minimum sentences for involuntary deviate sexual intercourse crimes, is unconstitutional under **Alleyne**.

[4] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

Appellant's PCRA petition without an evidentiary hearing. Further, in this order, the PCRA court specifically granted counsel's petition to withdraw and provided Appellant with twenty days to respond to the order.

On or about May 22, 2017, Appellant filed a timely *pro se* response in opposition to the PCRA court's notice of intent to dismiss. Therein, Appellant raised claims of ineffective assistance of PCRA counsel, challenged the adequacy of PCRA counsel's **Turner/Finley** "no-merit" letter, and averred his sentence is illegal.

On January 16, 2018, Appellant filed a *pro se* document entitled "Motion to Modify Sentence." Appellant averred he was serving an illegal sentence under **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017).[5] By order entered on January 18, 2018, despite the fact it had not disposed of Appellant's February 3, 2017, PCRA petition, the PCRA court treated Appellant's January 16, 2018, petition as a second PCRA petition.[6]

_____

[5] In **Muniz**, the Pennsylvania Supreme Court held that certain registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) are punitive and the retroactive application thereof violates the *ex post facto* clauses of the federal and Pennsylvania constitutions.

[6] We agree with the PCRA court that Appellant's "Motion to Modify Sentence" presented claims that are cognizable under the PCRA, and thus, the PCRA is "the exclusive vehicle" by which Appellant could gain relief. **Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013); **Com. ex rel. Strope v. Dist. Attorney of Bradford County**, 789 A.2d 218, 220 (Pa.Super. 2001). Accordingly, while the PCRA court properly treated Appellant's petition under the auspices of the PCRA, as discussed *infra*, the PCRA court erred in treating it as Appellant's second PCRA petition.

Specifically, the PCRA court concluded that Appellant's second petition met the timeliness exception of Section 9545(b)(1)(iii), and therefore, the PCRA court appointed counsel, who filed a supplemental PCRA petition on March 9, 2018.[7]

Following a hearing, by opinion and order entered on June 5, 2018, the PCRA court purported to deny Appellant's second PCRA petition.[8] On June 25, 2018, Appellant filed a counseled notice of appeal. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant complied, and the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

In reviewing the propriety of the PCRA court's denial of Appellant's petition, we are limited to determining whether the PCRA court's findings are supported by the record, and whether the order is free of legal error. *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999).

Preliminarily, we must address a procedural anomaly that exists in this case. The record reveals that, on or about February 3, 2017, Appellant filed his first PCRA petition, and on May 12, 2017, the PCRA court entered an order

---

[7] In the March 9, 2018, amended PCRA petition, counsel mistakenly averred that "[Appellant] has filed prior Petitions for Post-Conviction Relief, which were dismissed as untimely." Counsel's Amended PCRA Petition, filed 3/9/18, at 2.

[8] In its opinion, the PCRA court mistakenly indicated Appellant had filed a prior PCRA petition, which was denied as untimely. PCRA Court Opinion, filed 6/5/18, at 3.

pursuant to Pa.R.Crim.P. 907(1),[9] indicating the court intended to dismiss Appellant's petition on the basis it was untimely filed, and Appellant had the option to respond to the proposed dismissal within twenty days.

Appellant filed a timely objection to the notice of intent to dismiss his first PCRA petition; however, the PCRA court never addressed Appellant's objection, never entered an order dismissing the PCRA petition, and never provided Appellant with notice that the PCRA petition had been dismissed.

---

[9] Pa.R.Crim.P. 907 relevantly provides:

**Rule 907. Disposition Without Hearing**

Except as provided in Rule 909 for death penalty cases,

(1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. **The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.**

∗∗∗

(4) **When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail,** return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907 (bold added)

Thereafter, when Appellant filed his January 16, 2018, *pro se* petition, the PCRA court concluded it was Appellant's second PCRA petition. However, since the PCRA court had never formally disposed of Appellant's February 3, 2017, PCRA petition, including ruling on Appellant's response in opposition to dismissal, the January 16, 2018, petition did not constitute a second PCRA petition.[10]

Therefore, as the record reveals confusion and/or an apparent breakdown in the PCRA court, including whether the PCRA court considered Appellant's timely response in opposition to the court's Pa.R.Crim.P. 907 notice of intent to dismiss the February 3, 2017, petition, we vacate the June 5, 2018, order, which purports to deny Appellant's second PCRA petition, and remand for further proceedings consistent with this decision.

_____

[10] We recognize that, under Pa.R.Crim.P. 907(1), after Appellant filed his response in opposition to the PCRA court's notice of intent to dismiss his February 3, 2017, petition, the PCRA court was permitted to grant Appellant leave to file an amended PCRA petition. **See** Pa.R.Crim.P. 907(1). However, the record reveals the PCRA court did not provide such leave or treat Appellant's January 16, 2018, petition as an amendment to his first PCRA petition. Rather, the PCRA court incorrectly concluded the May 12, 2017, notice of intent to dismiss was a final order, which disposed of Appellant's "first" PCRA petition, and, thus, the PCRA court treated the January 16, 2018, petition as a "second" PCRA petition. **See** PCRA Court Opinion, filed 7/30/18, at 3 (PCRA court indicating "[Appellant] filed his first Petition for Post-Conviction Relief (PCRA) on February 3, 2017, which was deemed untimely and dismissed by this Court on May 12, 2017."). As indicated *supra*, the May 12, 2017, order was entered pursuant to Pa.R.Crim.P. 907(1) and did not constitute a final order in this case.

Order Vacated; Case Remanded; Jurisdiction Relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2019