J-A01046-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAY LEE WALTER, SR. | : | |
| | : | |
| Appellant | : | No. 607 MDA 2021 |

Appeal from the PCRA Order April 15, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000532-2009

BEFORE:  LAZARUS, J., NICHOLS, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: MARCH 29, 2022**

Appellant Jay Lee Walter, Sr., appeals from the order denying as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Appellant contends that he has satisfied an exception to the PCRA time bar and that the PCRA court erred in denying his petition.  We vacate and remand with instructions.

A prior panel of this Court summarized the history of this matter as follows:

> Appellant was arrested in connection with the sexual assault of his minor daughter from October 2006 to October 2008.  Represented by counsel, Appellant proceeded to a jury trial, at the conclusion of which he was convicted of rape of a child, involuntary deviate sexual intercourse with a child (two counts), indecent assault, and endangering the welfare of a child.[fn1]  Appellant was sentenced to an aggregate of 23 years to 50 years in prison, and he was

---

[1] 42 Pa.C.S. §§ 9541-9546.

determined to be a sexually violent predator pursuant to 42 Pa.C.S. § 9792.

> [fn1] 18 Pa.C.S. §§ 3121, 3123, 3126, and 4304, respectively.

Appellant filed a timely direct appeal to this Court. In an unpublished memorandum filed on December 9, 2011, a panel of this Court concluded the trial court erred in admitting out-of-court statements by the victim pursuant to Pennsylvania's "Tender Years Act," 42 Pa.C.S. § 5985.1. Consequently, this Court vacated the judgment of sentence and remanded for further proceedings. *See Commonwealth v. Walter*, 1829 MDA 2010 (Pa. Super. filed Dec. 9, 2011) (unpublished memorandum) [(*Walter 1*)]. However, the Commonwealth filed a petition for allowance of appeal, which the Pennsylvania Supreme Court granted.

Thereafter, in an opinion filed on February 18, 2014, the Supreme Court held this Court erred in finding the trial court abused its discretion by admitting the victim's out-of-court statements pursuant to the Tender Years Act. *See Commonwealth v. Walter*, 93 A.3d 442 (Pa. 2014) [(*Walter 2*)]. Accordingly, the Supreme Court reversed this Court's decision and remanded to this Court for consideration of Appellant's remaining issues. *See id.*

Upon remand, in an unpublished memorandum filed on September 9, 2014, this Court concluded Appellant was not entitled to relief on his remaining issues, and therefore, we affirmed his judgment of sentence. *See Commonwealth v. Walter*, 1829 MDA 2010 (Pa. Super. filed Sept. 9, 2014) (unpublished memorandum) [(*Walter 3*)]. Appellant did not file a petition for allowance of appeal from this decision.

On or about February 3, 2017, Appellant filed a *pro se* PCRA petition in which he challenged the legality of his sentence and suggested he was entitled to the newly recognized constitutional right exception to the PCRA's time bar. *See* 42 Pa.C.S. § 9545(b)(1)(iii). In support of his claim, Appellant cited to several cases, including *Alleyne v. United States*, 570 U.S. 99 (2013),[fn2] and *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016).[fn3] On February 27, 2017, the PCRA court appointed counsel, who filed a petition seeking to withdraw his representation, as well as a *Turner/Finley*[fn4] "no-merit" letter on April 24, 2017.

[fn2] In **Alleyne**, the United States Supreme Court held any fact that increases mandatory minimum sentences for a crime is considered an element of the crime for the fact-finder to find beyond a reasonable doubt.

[fn3] In **Wolfe**, the Pennsylvania Supreme Court held that 42 Pa.C.S. § 9718, pertaining to mandatory minimum sentences for involuntary deviate sexual intercourse crimes, is unconstitutional under **Alleyne**.

[fn4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) [(*en banc*)].

By order entered on May 12, 2017, pursuant to Pa.R.Crim.P. 907(1), the PCRA court provided Appellant with notice of its intent to dismiss Appellant's PCRA petition without an evidentiary hearing. Further, in this order, the PCRA court specifically granted counsel's petition to withdraw and provided Appellant with twenty days to respond to the order.

On or about May 22, 2017, Appellant filed a timely *pro se* response in opposition to the PCRA court's notice of intent to dismiss. Therein, Appellant raised claims of ineffective assistance of PCRA counsel, challenged the adequacy of PCRA counsel's **Turner**/**Finley** "no-merit" letter, and averred his sentence is illegal.

On January 16, 2018, Appellant filed a *pro se* document entitled "Motion to Modify Sentence." Appellant averred he was serving an illegal sentence under **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).[fn5] By order entered on January 18, 2018, despite the fact it had not disposed of Appellant's February 3, 2017, PCRA petition, the PCRA court treated Appellant's January 16, 2018, petition as a second PCRA petition.[fn6] Specifically, the PCRA court concluded that Appellant's second [PCRA] petition met the timeliness exception of Section 9545(b)(1)(iii), and therefore, the PCRA court appointed counsel, who filed a supplemental PCRA petition on March 9, 2018.[fn7]

[fn5] In **Muniz**, the Pennsylvania Supreme Court held that certain registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) are punitive and the retroactive application thereof violates the *ex post facto* clauses of the federal and Pennsylvania constitutions.

[fn6] We agree with the PCRA court that Appellant's "Motion to Modify Sentence" presented claims that are cognizable under the PCRA, and thus, the PCRA is "the exclusive vehicle" by which Appellant could gain relief. ***Commonwealth v. Taylor***, 65 A.3d 462 (Pa. Super. 2013); ***Com. ex rel. Strope v. Dist. Attorney of Bradford County***, 789 A.2d 218, 220 (Pa. Super. 2001). Accordingly, while the PCRA court properly treated Appellant's petition under the auspices of the PCRA, as discussed *infra*, the PCRA court erred in treating it as Appellant's second PCRA petition.

[fn7] In the March 9, 2018, amended PCRA petition, counsel mistakenly averred that "Appellant has filed prior Petitions for Post-Conviction Relief, which were dismissed as untimely." Counsel's Amended PCRA Petition, filed 3/9/18, at 2.

Following a hearing, by opinion and order entered on June 5, 2018, the PCRA court purported to deny Appellant's second PCRA petition.[fn8] On June 25, 2018, Appellant filed a counseled notice of appeal. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant complied, and the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

[fn8] In its opinion, the PCRA court mistakenly indicated Appellant had filed a prior PCRA petition, which was denied as untimely. PCRA Court Opinion, filed 6/5/18, at 3.

***Commonwealth v. Walter***, 1062 MDA 2018, 2019 WL 1792401, at *1-2 (Pa. Super. filed Apr. 24, 2019) (***Walter 4***) (unpublished mem.) (some formatting altered).

In ***Walter 4***, this Court discussed the PCRA court's errors and procedural missteps as follows:

The record reveals that, on or about February 3, 2017, Appellant filed his first PCRA petition, and on May 12, 2017, the PCRA court entered an order pursuant to Pa.R.Crim.P. 907(1),[fn9] indicating the court intended to dismiss Appellant's petition on the basis it was untimely filed, and Appellant had the option to respond to the proposed dismissal within twenty days.

- 4 -

[fn9] Pa.R.Crim.P. 907 relevantly provides:

**Rule 907. Disposition Without Hearing**

Except as provided in Rule 909 for death penalty cases, (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. **The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.**

\* \* \*

(4) **When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail**, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907 (bold added).

Appellant filed a timely objection to the notice of intent to dismiss his first PCRA petition; however, the PCRA court never addressed Appellant's objection, never entered an order dismissing the PCRA petition, and never provided Appellant with notice that the PCRA petition had been dismissed.

Thereafter, when Appellant filed his January 16, 2018, *pro se* [Motion to Modify Sentence], the PCRA court concluded it was Appellant's second PCRA petition. However, since the PCRA court had never formally disposed of Appellant's February 3, 2017, PCRA petition, including ruling on Appellant's response in opposition to dismissal, the January 16, 2018, petition did not constitute a second PCRA petition.[fn10]

- 5 -

[fn10] We recognize that, under Pa.R.Crim.P. 907(1), after Appellant filed his response in opposition to the PCRA court's notice of intent to dismiss his February 3, 2017, petition, the PCRA court was permitted to grant Appellant leave to file an amended PCRA petition. *See* Pa.R.Crim.P. 907(1). However, the record reveals the PCRA court did not provide such leave or treat Appellant's January 16, 2018, petition as an amendment to his first PCRA petition. Rather, the PCRA court incorrectly concluded the May 12, 2017, notice of intent to dismiss was a final order, which disposed of Appellant's "first" PCRA petition, and, thus, the PCRA court treated the January 16, 2018, [Motion to Modify Sentence] as a "second" PCRA petition. *See* PCRA Court Opinion, filed 7/30/18, at 3 (PCRA court indicating "Appellant filed his first Petition for Post-Conviction Relief (PCRA) on February 3, 2017, which was deemed untimely and dismissed by this Court on May 12, 2017."). As indicated *supra*, the May 12, 2017, order was entered pursuant to Pa.R.Crim.P. 907(1) and did not constitute a final order in this case.

Therefore, as the record reveals confusion and/or an apparent breakdown in the PCRA court, including whether the PCRA court considered Appellant's timely response in opposition to the court's Pa.R.Crim.P. 907 notice of intent to dismiss the February 3, 2017, petition, we vacate the June 5, 2018, order, which purports to deny Appellant's second PCRA petition, and remand for further proceedings consistent with this decision.

*Walter 4*, 2019 WL 1792401 at *2-3.

After this Court remanded the matter to the PCRA court in *Walter 4*, the PCRA court issued an order dismissing Appellant's first PCRA petition as untimely and granting PCRA counsel leave to withdraw. Order, 5/23/19. In that same order, the PCRA court addressed Appellant's motion to modify sentence and determined that it was a second PCRA petition. *Id.* The PCRA court then concluded that, because it had dismissed Appellant's first PCRA in the preceding paragraphs, it would proceed to rule on Appellant's second PCRA

- 6 -

petition. ***Id.*** at n.4. The PCRA court then dismissed Appellant's second PCRA petition as untimely for the reasons set forth in a prior opinion filed on June 5, 2018. ***Id.*** Appellant, who was without counsel, did not pursue an appeal.

Appellant filed a third PCRA petition *pro se* on March 29, 2021. On April 1, 2021, the PCRA court issued a Rule 907 notice of intent to dismiss Appellant's petition without a hearing. On April 12, 2021, Appellant filed a response. The PCRA court dismissed Appellant's third petition on April 15, 2021, on the basis that it was untimely filed. Appellant filed this timely appeal.

Before we reach Appellant's instant appeal, we must address a procedural error in the PCRA court's May 23, 2019 order. As noted previously, the PCRA court issued a single order dismissing Appellant's first and second PCRA petitions and granting PCRA counsel leave to withdraw. However, the PCRA court failed to properly inform Appellant of his appellate rights. Therefore, it is evident that Appellant did not have an opportunity to appeal the dismissal of his first PCRA petition.[2]

It is well settled that a petitioner has the right to appeal the denial of his first PCRA petition. ***See*** Pa.R.Crim.P. 907(4); ***see also*** Pa.R.A.P. 341(a). A timely appeal must be filed within thirty days from the date of the order it

---

[2] Although the May 23, 2019 order informs Appellant of his right to appeal the second PCRA, this information is subsequent to the dismissal of both Appellant's first and second PCRA petition. Order, 5/23/19. It follows that if the PCRA court concluded that it had jurisdiction to address Appellant's second PCRA petition due to the dismissal of Appellant's first PCRA petition, ***see id.*** at n.4, there was not nor could there have been an appeal from the earlier part of the order dismissing Appellant's first PCRA petition.

challenges, and generally, courts cannot extend the time for filing an appeal. **See** Pa.R.A.P. 105(b), 903(a). However, the note to Rule 105 provides that Rule 105(b) is "not intended to affect the power of a court to grant relief in the case of fraud or breakdown in the processes of a court." Pa.R.A.P. 105(b), note; **see also Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007) (stating that despite the general rule that "an appellate court cannot extend the time for filing an appeal," this "does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court").

Here, as stated above, Appellant did not have the opportunity to appeal from the order dismissing his first PCRA petition. The PCRA court attempted to address two PCRA petitions and counsel's motion to withdraw in a single order, and the PCRA court did not properly address Appellant's pending PCRA petitions pursuant to this Court's remand in **Walter 4**.

We recognize that well over thirty days have passed since the May 23, 2019 order dismissing Appellant's first PCRA petition after the **Walter 4** remand. However, because Appellant was neither informed of his appellate rights nor did he have an opportunity to file an appeal from the order denying his first PCRA petition, we conclude that there was a breakdown in the processes of the court that prevented Appellant from exercising his right to appeal the denial of his first PCRA petition. **See** Pa.R.A.P. 105(b), note; **see also Patterson**, 940 A.2d at 498.

Accordingly, we vacate the instant order, vacate that part of the May 23, 2019 order dismissing Appellant's second PCRA petition due to the aforementioned judicial breakdown, and reinstate Appellant's right to appeal from that part of the May 23, 2019 order denying his first PCRA petition due the breakdown as well. Appellant shall have thirty days from the date of this Memorandum to file an appeal from the denial of his first PCRA petition.

Moreover, although we recognize that the PCRA court previously granted Appellant's counsel's motion to withdraw, due to the procedural missteps and anomalies in this case, and in order to ensure and protect Appellant's rights, we direct the PCRA court to appoint appellate counsel to assist Appellant in his appeal. **See** Pa.R.Crim.P. 904(E).[3]

---

[3] It is well settled that a petitioner is entitled to the appointment of counsel to litigate their first PCRA petition, and counsel may be appointed on a subsequent PCRA petition in cases where the court determines that an evidentiary hearing is required or in a case when the interests of justice require the appointment of counsel. **See Commonwealth v. Bradley,** 261 A.3d 381, 391 (Pa. 2021) (stating that "a petitioner has a rule-based right to the appointment of counsel for a first PCRA petition" (citation omitted)); **see also** Pa.R.Crim.P. 904. Furthermore, the right to counsel extends throughout the appeal process. **See**, **e.g.**, **Commonwealth v. White**, 871 A.2d 1291, 1294 (Pa. Super.2005) (noting that this right to representation continues throughout the PCRA proceedings, including any appeal from the disposition of the PCRA petition). However, "the right to counsel in a second or subsequent PCRA petition is not co-extensive with the right to counsel in a first PCRA petition." **Commonwealth v. Haag**, 809 A.2d 271, 293 (Pa. 2002).

April 15, 2021 order vacated. May 23, 2019 order entered following this Court's remand in **Walter 4** vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2022