J-S10034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PAUL J. BEGNOCHE, SR. | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA; | : | No. 267 MDA 2025 |
| FRANCIS T. CHARDO, III; MEREDITH | : | |
| A. TAYLOR, ESQUIRE; AND JUDGE | : | |
| RICHARD A. LEWIS | : | |

Appeal from the Order Dated January 16, 2025
In the Court of Common Pleas of Dauphin County
Civil Division at No: 2025-CV-00165

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:  **FILED: APRIL 20, 2026**

Paul J. Begnoche, Sr. (Appellant) appeals *pro se* from the order denying his petition for *habeas corpus ad subjiciedum*[1] (*habeas* petition).  We affirm.

On December 5, 2011, Appellant entered a negotiated *nolo contendere* plea to rape of a child and numerous other sex crimes.  That same day, the trial court sentenced Appellant, at CP-22-CR-004038-2010, to an aggregate term of 10 to 20 years in prison, followed by a consecutive 10 years of probation.

---

[1] "A writ of *habeas corpus ad subjiciendum* is defined as '[a] writ directed to someone detaining another person and commanding that the detainee be brought to court.'" ***Joseph v. Glunt***, 96 A.3d 365, 367 n.2 (Pa. Super. 2014) (citing Black's Law Dictionary 778 (9th ed. 2009)).

Since his incarceration, Appellant has been a productive but unsuccessful *pro se* litigant. **See, e.g., Commonwealth v. Begnoche**, No. 1638 MDA 2016, 2017 WL 1398885 (Pa. Super. filed Apr. 19, 2017) (unpublished judgment order affirming the denial of Appellant's untimely fourth petition filed pursuant to the Post Conviction Relief Act[2]). **See also Begnoche v. Molner**, No. 257 M.D. 2023, 2025 WL 2731277 (Pa. Cmwlth. filed Sept. 25, 2025) (unpublished memorandum exercising original jurisdiction and dismissing the *pro se* petition for review Appellant filed against employees of the Department of Corrections). As the Commonwealth states, Appellant has filed "a multitude of postconviction relief petitions, all of which have been unsuccessful, and various other civil petitions and appeals." Appellees' Brief at 7.

On January 10, 2025, Appellant filed the underlying *habeas* petition, claiming he was subject to various wrongs involving constitutional violations and his allegedly illegal sentence. On January 16, 2025, the trial court entered an order denying the petition. The court stated:

> [Appellant] has attempted to resurrect an otherwise untimely filing through his [*habeas* p]etition[,] when the proper vehicle for the averments alleged in his [p]etition is a [p]etition for [p]ost-[c]onviction [r]elief. Additionally, the Post Conviction Relief Act specifically states that an "action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*." 42 Pa.C.S. § 9542. Therefore,

---

[2] 42 Pa.C.S. §§ 9541–9546.

- 2 -

> [Appellant's] proper method of recourse is through the Post Conviction Relief Act.

Order, 1/16/25, at 1-2.

Appellant filed a motion for reconsideration on February 10, 2025, which the trial court denied on February 12, 2025. On February 28, 2025, Appellant filed a notice of appeal.[3] Appellant also filed a concise statement pursuant to Pa.R.A.P. 1925(b). The trial court filed an opinion on April 21, 2025.

Initially, it appears the trial court was correct in concluding that Appellant's proper method of recourse would be through the Post Conviction Relief Act. The Post Conviction Relief Act "is the exclusive vehicle by which to obtain post-conviction, state collateral relief, and subsumes all other common law remedies, including *habeas corpus.*" **Com. ex rel. Strope v. Dist. Att'y of Bradford Cnty.**, 789 A.2d 218, 220 (Pa. Super. 2001). However, we are unable to discern an intelligible argument in Appellant's brief. The brief does not contain a summary of the argument or an argument section as required by Pa.R.A.P. 2111(a). Instead, Appellant inartfully expresses his argument in his 5-page statement of questions. **See** Appellant's Brief at 8-12.

For example, Appellant states:

---

[3] Although the notice of appeal was untimely, the docket indicates Appellant did not receive proper service of the January 16, 2025 order pursuant to Pa.R.C.P. 236. **See Commonwealth v. Midgley**, 289 A.3d 1111, 1117 (Pa. Super. 2023) (holding that where the docket "does not indicate service on a party or the date of service, … we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely.").

> Appellant avers, as long as he is Prejudicially subjected to the perpetually Continuing Breach of Contract Violative to U.S. Const. Art. I, §10 cl-1 [*sic*] Commandments of Equity, Continuing Unlawful Actions, Continuing Torts, Continuing Deprivation of Constitutional Entitlements to Fourteenth Amendment Due Process Protections, Eighth Amendment Prohibitions and Unlawful Imprisonment acrruing [*sic*] diurnally; all individually and collectively impare [*sic*] any benefits that should have been resting in the performance of the Plea Contract all forbidden to the appellant-petitioner.

Appellant's Brief at 11.

This Court has explained repeatedly that when "an appellant fails to properly raise and develop issues in briefs with arguments that are sufficiently developed for our review, we may dismiss the appeal or find certain issues waived." ***Kaur v. Singh***, 259 A.3d 505, 511 (Pa. Super. 2021) (citations omitted). In its opinion, the trial court suggests that Appellant's issues are waived because his concise statement "is not concise, and is unintelligible as to what errors Appellant is claiming." Trial Court Opinion, 4/21/25, at 2. We agree with the trial court's assessment, and find waiver based on Appellant's failure to properly raise and develop his appellate issues.[4] ***See Commonwealth v. Padilla***, 80 A.3d 1238, 1262 (Pa. 2013) (finding appellant was not entitled to relief where he failed "to present a specific, reasoned, and intelligible argument to support his assertion.").

---

[4] Appellant's reply brief is also unintelligible.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/20/2026