J-S31013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSE M. PEREZ | : | |
| Appellant | : | No. 1967 MDA 2019 |

Appeal from the Order Entered November 1, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-MD-0001270-1987

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSE MIGUEL PEREZ | : | |
| Appellant | : | No. 1968 MDA 2019 |

Appeal from the Order Entered November 1, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-MD-0001271-1987

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSE MIGUEL PEREZ | : | |
| Appellant | : | No. 1969 MDA 2019 |

Appeal from the Order Entered November 1, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-MD-0001272-1987

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 15, 2020**

Jose Miguel Perez appeals *pro se* from the order that dismissed his petition for *habeas corpus* relief.  We affirm.

Succinctly, the history of these cases is as follows.  In 1988, Appellant pled guilty to crimes related to controlled substances in the three above-captioned cases, in exchange for the Commonwealth recommending a sentence of, *inter alia*, less than two years of imprisonment.  The trial court accepted the plea, but rejected the Commonwealth's recommendation, and instead imposed a sentence of six and one-half to sixteen years of imprisonment.  On direct appeal, this Court vacated the sentence and remanded for the withdrawal of the guilty plea.  Thereafter, Appellant entered, and the trial court accepted, a new negotiated plea of eleven and one-half to twenty-three months of incarceration followed by five years of probation.  In 1991, Appellant violated his probation and was resentenced to fifty-nine months to twenty years of incarceration, with credit for the time he had served.  Appellant filed no direct appeal from the 1991 judgment of sentence, and subsequent collateral attacks resulted in no relief.

On July 29, 2019, Appellant, who had completed serving his sentence for the cases *sub judice* but was incarcerated on another conviction, filed a *pro se* petition for *habeas corpus* relief.  Therein, he requested "clarification" of his 1991 sentencing order.  Specifically, he contended that the 1991 order "is ambiguous and/or unclear in that it exceeds the original negotiated

sentencing recommendation of 23 months which has a collateral consequence on [Appellant]'s current sentence . . . ." Petition for *Habeas Corpus* Relief, 7/29/19, at 2. The trial court dismissed the petition as moot by order of November 1, 2019. These appeals followed.[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our consideration: "Whether the trial court abused its discretion in dismissing Appellant's petition for writ *of habeas corpus* seeking clarification of its intent regarding the [1991 sentencing] order?" Appellant's brief at 3 (unnecessary capitalization omitted).

We begin with a review of the applicable law.

> Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason. As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests.

---

[1] Appellant's notices of appeal, dated November 25, 2019, were not docketed until December 3 and 4, 2019. However, the appeals are not subject to quashal for untimeliness due to the prisoner mailbox rule and/or the lack of notation on the docket that the November 1, 2019 order was served upon Appellant. **See** Pa.R.A.P. 108(a)(1), (d) (establishing that the thirty-day time period for appealing from a criminal order other than a judgment of sentence begins to run on the day that the order is served on the parties by the clerk of courts); **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa.Super. 2019) ("The prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." (cleaned up)).

*Rivera v. Pennsylvania Dep't of Corr.*, 837 A.2d 525, 528 (Pa.Super. 2003) (cleaned up).

Appellant contends that the trial court abused its discretion in denying his petition because "it is unclear whether the revocation Court consider[ed] the time spent in custody on the 6.5 to 16 year sentence and the 11.5 to 23 year sentence or applied any credit for time spent in custody prior to the July 23, 1991, revocation and subsequent September 30, 1991, sentence." Appellant's brief at 8. Appellant appears to be arguing that his 1991 sentence violated the terms of his plea agreement, and that the excess time he improperly served in the instant cases should be credited to his subsequent sentence. Appellant's brief at 8-9 (citing *Com. ex rel. Ulmer v. Rundle*, 218 A.2d 233, 234 (Pa. 1966)).

The trial court indicated that Appellant's petition was properly denied because he did not state a proper *habeas corpus* claim, *i.e.* "to extricate a petitioner from illegal confinement or to secure relief from conditions of confinement that constitute cruel and unusual punishment." Trial Court Opinion, 1/27/20, at unnumbered 3 (citing *Rivera*, *supra*). The court further noted that, to the extent Appellant questions the propriety of his 1991 revocation sentence exceeding his negotiated sentence, the claim is a challenge to the legality of Appellant's sentence that must have been pursued PCRA petition rather than a *habeas* petition. *Id*. The court opined that PCRA relief was not available to Appellant because his 2019 petition was filed

- 4 -

decades after his judgment became final, and because he was no longer serving his 1991 sentence. *Id*. at unnumbered 4.

While we conclude that we have no basis to disturb the trial court's order dismissing Appellant's petition, we cannot agree wholesale with the trial court's reasoning.[2] The trial court is correct that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." *Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007). All PCRA petitions must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). A petitioner "cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa.Super. 2013). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." *Id*.

On the other hand, "claims that fall outside the eligibility parameters of the PCRA may be raised through a writ of *habeas corpus*." *Commonwealth v. Masker*, 34 A.3d 841, 850 (Pa.Super. 2011) (*en banc*). "It is well settled that the extraordinary remedy of *habeas corpus*, which can be successfully invoked only in exceptional cases, is not a substitute for an appeal or a motion

---

[2] "This Court is not bound by rationale of a trial court and may affirm the trial court's order on any basis." *Commonwealth v. Wilcox*, 174 A.3d 670, 674 n.4 (Pa.Super. 2017).

for a new trial, nor is it available for the correction of trial errors." ***Com. ex rel. Williams v. Myers***, 162 A.2d 419, 420 (Pa.Super. 1960). However, our Supreme Court has held that the remedy of *habeas corpus* was available for a prisoner who fully served a constitutionally infirm judgment of sentence to advance the commencement date of a subsequent, valid sentence he was serving at the time he filed his petition. ***See Ulmer***, ***supra*** at 234.

Turning to the instant appeal, we observe that, contrary to the trial court's assertion, Appellant's complaint that the revocation sentence in 1991 exceeded the terms of his prior plea agreement does **not** implicate the legality of his sentence. ***See Commonwealth v. Tann***, 79 A.3d 1130, 1133 (Pa.Super. 2013) (explaining that when the trial court imposes a sentence other than that which was a term of a negotiated guilty plea, the "sentence is legal, so long as it does not exceed the statutory maximum"). The relief available to a defendant in such circumstances is the right to withdraw the plea. ***See id***. Indeed, this principle was the basis for this Court's remand for Appellant to withdraw his 1988 plea. That withdrawal terminated any efficacy of the 1988 plea agreement and resulted in a judgment of sentence in accordance with a new 1990 plea agreement.

Appellant breached the second negotiated plea agreement when he violated the terms of his probation. The breach by Appellant voided the 1990 plea agreement and legally permitted the trial court to impose any sentence up to the statutory maximum. ***See Commonwealth v. Wallace***, 870 A.2d

838, 843 (Pa. 2005) ("[A]t any revocation of probation hearing, the court is . . . free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor"); **Tann**, **supra** at 1133 ("[W]hen such a criminal defendant violates the terms of his probation, he may be resentenced up to the statutory maximum, regardless of the fact that the lesser sentence induced him to plead guilty in the first place."). Appellant does not argue that his 1991 sentence exceeded the statutory limits.

To the extent that Appellant questions whether he received credit for the time he served on the charges in the instant case, we note that such a claim does involve the legality of Appellant's sentence. **See Commonwealth v. Johnson**, 967 A.2d 1001, 1003 (Pa.Super. 2009) (providing that failure to award credit for time served in accordance with 42 Pa.C.S. § 9760 results in an illegal sentence). As such, the time-credit issue is cognizable under the PCRA. **See**, **e.g.**, **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa.Super. 2004) (addressing time-credit issue under the PCRA). Consequently, even if he did not receive proper credit for his pre-1991 incarceration,[3] his decision to bring his claim decades after his judgment of sentence became final, and

---

[3] We find it impossible to discern from the poor-quality certified record how much time credit was awarded towards the 1991 revocation sentence. What may be a post-it note on a barely-legible, untitled form that appears to be the sentencing order for Appellant's second negotiated plea suggests that he received credit for time served prior to that sentencing proceeding. Sentencing Order, 2/21/90.

after he had fully served his sentence, precludes relief. *See id*. (indicating dictates and limitations of PCRA govern time-credit claim although petition was couched in terms of *habeas corpus* relief). *See also Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super. 2009) ("[T]he PCRA[, 42 Pa.C.S. § 9543(a)(1)(i),] precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence.").

Furthermore, again assuming *arguendo* that there was a failure to award all of the time credit to which he was entitled, we find Appellant's reliance upon *Ulmer*, *supra*, for the proposition that *habeas corpus* can right the wrong at this stage, to be misplaced. In that case, the defendant pled guilty in 1959 and was sentenced to probation, then imprisonment upon the violation of probation, all without the assistance of counsel or proper waiver of his right to counsel. *Id*. at 233-34. While on parole in 1961, Ulmer was convicted of new charges resulting in new sentences. Additionally, his parole was revoked for the 1959 case. After he had completed serving the balance of his sentence in the 1959 case, but while he was still incarcerated on the subsequent convictions, Ulmer initiated a *habeas corpus* proceeding. Our Supreme Court granted relief, explaining as follows:

> While it is true that Ulmer is not now confined on the 1959 invalid judgment, the duration of his imprisonment on the valid judgments entered in 1961 is substantially affected, and will be extended illegally for a period of many months as a result of the sentence imposed in 1959. If the latter is allowed to stand unimpeached, the first valid sentence imposed on June 13, 1961, will be computed from the expiration date of the invalid 1959 sentence, and its commencement and expiration dates illegally

delayed. . . . Ulmer is legally entitled to seek relief from imprisonment beyond the correct expiration date of the lawful sentences imposed, and *habeas corpus* is the only available remedy to obtain it.

*Id*. at 234. The Court remanded the 1959 case for a new trial, and ordered that the time Ulmer had served in that case be credited to his 1961 convictions. *Id*. at 235.

We find the 1966 **Ulmer** decision to be unavailing to Appellant. First, the decision predated the 1982 enactment of the PCRA. As discussed above, the PCRA now provides the exclusive remedy for illegal sentencing claims. **See**, **e.g.**, **Beck**, **supra**. The fact that Appellant is no longer eligible for relief under the PCRA does not affect the exclusivity of that statutory framework as a basis for relief. **See Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa.Super. 2001) ("Simply because the merits of the PCRA petition cannot be considered due to previous litigation, waiver, or an untimely filing, there is no alternative basis for relief outside the framework of the PCRA.").

Furthermore, while **Ulmer** involved a conviction that was "constitutionally tainted and invalid" as a result of the deprivation of a fundamental right, **Ulmer**, **supra** at 234, the alleged impropriety in the instant case concerns only a statutory sentencing right. **See Johnson**, **supra** at 1003 ("It is well established that there is no constitutional right to credit for time served prior to trial or sentence.").

For these reasons, we discern no basis to disturb the trial court's order dismissing Appellant's petition for writ of *habeas corpus*.

Order affirmed.

Judge Dubow joins the memorandum.

President Judge Emeritus Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2020